Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 In this case, the. complainants filed a bill in the Circuit Court
 
 *728
 
 for thé Southern District of Mississippi, praying a perpetual injunction agaitist a judgment at law which had been obtained against them. The bill, among other things, states that the note upon which the judgment was awarded was given for the purchase-money of certain slaves brought by the defendant into the State of Mississippi, as merchandise and for sale, after thé first day of May in the year 1833, and sold in.the State to a certain James Mi Smith, in violation of the • constitution and laws, of the State; that the complainant Hardeman was surety for Smith; that a judgment was afterwards obtained against him, and an execution issued and levied upon his property, and that, to prevent it from being sold, he executed a forthcoming bond' with the other complainant, Hill, as his security, which bond had become forfeited, and therefore had the form and effect of a judgment against the complainants; and that Smith, for whom he was security, was dead, and his estate insolvent;
 

 The defehdant answered; and upon ¿he coming in of the answer, the following exceptions were taken to it by the complainants : —
 

 “ 1st. The bill charges that the slavés mentioned in complainants’ bill, sold by the defendant, Harris, to James M. Smith, and which constitute the consideration of the rióte upon which the judgment at law enjoined in this cause was rendered, were introduced into the State of Mississippi by the said defendant, Harris, for sale and as merchandise, after the first day of May, 1833. This allegation has not been answered, admitted, or denied. .
 

 “ 2d. It is alleged in jthe bill, that complainant Hardeman was only surety in the note sued upon at law, and that C. P. Smith, executor of James M. Smith, was principal, and that the estate of Jannes M. Smith is insolvent, &c. These allegatiohs are neither.answered, admitted, nor denied.”
 

 And upon the hearing of these exceptions, the judges were di-> vided in opinion upon the point whether they were well taken and should be sustained, or not, and therefore ordered the question, to be certified for decision to this court. .
 

 It is very clear that neither of these exceptions can be maintained. It has been repeatedly decided in this court, that the fact stated in the first is no. defence at law, and still less can it be a ground of relief in equity after, a judgment at law.
 

 And as regards the second, certainly the insolvency of the-principal debtor is no defence to the surety, either at law or in equity:. -
 

 If, therefore„.the defendant had admitted in the most explicit terms the allegations mentioned in the exeéptions, they would not have contributed in any. degree to support the claim of the
 
 *729
 
 complainants ?to the relief they ask. And consequently, the omission tp answer (if the answer be open to that objection) furnishes no ground of exception. It is not a sufficient foundation for an exception, that a fact- charged in a bill is not answered, unless the fact is material, and might contribute to support the equity of the case of the complainant, and induce the court to give the relief sought by the bill.
 

 The exceptions ought, therefore, to have been overruled, and we shall direct it to be so certified to the Circuit Court.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the- United. States, for the Southern District of Mississippi,, and on the points or questions on which the judges of the said Circuit pourt were opposed in opinion, and which were certified to this court, fór its opinion, agreeably to the act of. Congress in such case made and provided, and was argued by counsel. On’ consideration ’whereof, it is the opinion of this court, that the exceptions by the complainants were not. well- taken, and ought-to- have been overruled. Whereupon, it'is now here ordered and decreed, that it be so certified to the. said Circuit Court. - ..