COMMONWEALTH TITLE INSURANCE & TRUST CO. v. CUMMINGS et al.

(Circuit Court, D. Montana. November 1, 1897.)

No. 460.

1. EQUITY PLEADING—PRACTICE IN FEDERAL COURTS—REQUISITES OF ANSWER.
   In the federal courts, equity pleading is not governed by the state codes; and the answer should deny or expressly admit each material allegation of the bill, or, if the facts are not within the knowledge of the defendant, his belief should be stated; otherwise the answer is insufficient.

2. SAME—POWER OF CORPORATION TO CONTRACT—PRESUMPTION.
   It is not necessary for a plaintiff corporation to allege its authority to make the contract sued on, or that any corporation under which it claims had such right, as the contract of a corporation is presumed to be within its powers.

3. SAME—ANSWER OR CROSS BILL—REFORMATION OF INSTRUMENT.
   Such matters as mistake or fraud in the execution of a note and mortgage, whereby they do not express the true contract, should not be alleged in the answer, but in a cross bill for reformation.

I. Parker Veazey, for complainant.
Thos. C. Marshall, for defendants. ·

KNOWLES, District Judge.    In this case the complainant filed its bill of complaint, and the defendants have filed their answer thereto. Complainant has filed its objections to the said answer, and these are presented for consideration.    It appears that, as to some of the allegations in the bill, defendants have made no answer.    It was evidently the view of the defendants that a failure to make any answer to these allegations, as under the code pleadings, admitted the same. In the federal courts, however, the rule is—as under the equity practice until modified by the codes—that the defendant, in his answer, if he chooses to answer, should either deny the allegations of the bill, or expressly admit them.    These allegations could be denied in part and admitted in part, but the answer could not ignore them.    If the defendant has no knowledge or information concerning any allegation in a bill, he should so state.    In the case of Brown v. Pierce, 7 Wall. 211, the supreme court said:

"The material allegations in the bill of complaint ought to be answered, and admitted or denied, if the facts are within the knowledge of the respondent; and, if not, he ought to state what his belief is upon the subject, if he has any; and if he has none, and cannot form any, he ought to say so, and call upon the plaintiff for proof of the alleged facts, or waive that branch of the controversy."

The same view is sustained in Story, Pl. § 852, and in Beach, Mod. Eq.·Prac. § 334.

An answer admitting the truth of an allegation in a bill could be introduced in evidence to prove the fact alleged.    It is held in the case of Brown v. Pierce, supra, that if the answer fails to make the admission of the truth of any allegation in the bill, but ignores it, then the plaintiff is bound to prove the same.    If the answer does not fully traverse or admit any material allegation of the bill, the remedy is for the plaintiff to except to the sufficiency of the answer.

The question presented in this case, then, is, did the defendants fail to answer the material allegations of the bill?    I think, in many respects, they did.    Plaintiff sets forth that Michael and Catherine Cummings were husband and wife.    This is neither admitted nor denied. I think it should have been.    The third allegation in the bill is that the Northwestern Guarantee Loan Company, to whom the note and mortgage named in the bill was executed, was at the date thereof a corporation organized under the laws of Minnesota.    This should have been admitted or denied, or the defendants should have stated that they had no knowledge, information, or belief upon that subject.    The fourth allegation of the· bill shows that the last-named corporation complied with the statutes of Montana in regard to foreign corporations, and their right to do business in this state.    I do not think it was necessary that this allegation should have been made. The contract of a corporation is presumed to be within its powers. Hence it is not necessary for a plaintiff corporation to allege its power to contract, or that any corporation under which it claims any right had such power.    Express Co. v. Railroad Co., 99 U. S. 199.    It ap-

pears, then, that this was an immaterial allegation, and required no answer. The fifth allegation to the bill sets forth the execution of ten coupon promissory notes, of which six were subsequently paid, etc. The answer neither traverses nor admits this allegation. It was defective in this particular. There are certain allegations in the eighth subdivision of the answer which were neither denied nor admitted, and should have been. The allegations in the tenth and fourteenth paragraphs of the bill contain allegations that should have been answered or denied.

All of the allegations in the answer which go to show that, through fraud, defendants were induced to sign a note and mortgage for $6,100, when in fact they received but $5,000, and the facts that said Ide was an agent of the said Northwestern Guarantee Loan Company, and made these representations at the time defendants signed the said note and mortgage, and the further fact showing that the plaintiff in this cause is not an innocent purchaser or assignee of the same, should be set forth in a cross bill, and a prayer made to have this note and mortgage reformed to correspond with the truth. This matter is discussed to some extent in Beach, Mod. Eq. Prac. §§ 332, 333. It appears to be the better practice to set up such matters as mistake or fraud in the execution of a note and mortgage, whereby the same do not express the true contract, in a cross bill. In the particulars named the exceptions to the answer are sustained.