### PETERS et al. v. TONOPAH MIN. CO. OF NEVADA.

(Circuit Court, D. Nevada. February 2, 1903.)

#### No. 737.

1. EQUITY—EXCEPTIONS TO ANSWER—FAILURE TO ANSWER IMMATERIAL ALLEGATIONS.

   An exception will not lie to an answer in equity for the failure to answer and admit or deny an allegation of the bill unless such allegation is material.

2. SAME—IMMATERIAL ALLEGATIONS—RECORDING NOTICE OF MINING LOCATION.

   Neither the laws of the United States nor of Nevada require the notice of location of a lode mining claim to be recorded, and hence, unless a rule of the mining district requiring such recording is shown, an aver-

---

¶ 1. See Equity, vol. 19, Cent. Dig. § 428.

ment in a bill that complainant recorded its notice of location of a claim is immaterial, and need not be answered.

3. SAME—ATTACHING EXHIBITS TO BILL.

An answer in a suit in equity in a federal court is not subject to exception because it fails to answer an averment of the bill that a true and correct copy of a plat referred to therein is attached and made an exhibit, there being no rule of pleading requiring the attaching of such exhibits.

In Equity. On exceptions to answer.

R. L. Johns, for plaintiffs.

W. E. F. Deal, Kenneth M. Jackson, and Campbell, Metson & Campbell, for defendant.

HAWLEY, District Judge (orally). This suit was brought in the state court to determine the rights of the respective parties to certain mineral land situated in Tonopah mining district, Nye county, Nev. The defendant made application for a patent to said land. The plaintiffs filed an adverse claim thereto in the United States land office. This suit was instituted in pursuance of the provisions of section 2326 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 1430]. The complaint sets forth in detail the various acts performed by the plaintiffs in locating and perfecting their title to the McNamara mining claim, a portion of which is in conflict with the mining claim and ground known as the "Buckboard," claimed by defendant. The cause was removed to this court upon the ground of "diversity of citizenship" between the parties, and in due time the defendant filed its answer. To this answer the plaintiffs filed five specific exceptions, two of which they have abandoned. The others read as follows:

"Third. For that the allegations contained in paragraph 3 of said complaint, in the last twelve lines thereof, are neither answered, admitted, nor denied in said answer.

"Fourth. For that the following allegations, contained in paragraph 4 of said complaint, are neither answered, admitted, nor denied in said answer, to wit: 'That said record of said mining claim contained the names of said locators, the date of said location, and such description of said claim by reference to natural objects and permanent monuments as would identify said claim.'

"Fifth. For that the following allegation, contained in paragraph 9 of said complaint, is neither answered, admitted, nor denied in said answer, to wit: 'A true and correct copy of which plat is hereto attached, and made a part hereof, marked Exhibit A.' "

Before proceeding to notice these exceptions specifically, or the allegations in the pleadings upon which they are based, it becomes necessary to ascertain the general rules that have been established in regard thereto. The law is well settled that, in the national courts, equity pleadings are not governed by state codes or statutes. The defendant in his answer—where the facts are within his knowledge—must either admit or deny all of the material allegations of the complaint. In Pierce v. Brown, 7 Wall. 205, 211, 19 L. Ed. 134, the court said:

"Material allegations in the bill of complaint ought to be answered and admitted, or denied, if the facts are within the knowledge of the respondent; and, if not, he ought to state what his belief is upon the subject, if he has

any; and if he has none, and cannot form any, he ought to say so, and call on the complainant for proof of the alleged facts."

See, also, Trust Co. v. Cummings (C. C.) 83 Fed. 767; Story, Eq. Pl. (10th Ed.) § 852.

If the answer fails to admit or deny any material allegation contained in the complaint, the plaintiff may, under the equity rules, except to the sufficiency of the answer. But all the authorities upon this point go to the extent that exceptions to an answer for insufficiency should not be sustained unless there is some material allegation in the bill of complaint which has not been fully answered by the defendant. 2 Bates, Fed. Eq. Proc. § 354; 1 Beach, Mod. Eq. Prac. § 335.

In Hardeman v. Harris, 7 How. 726, 729, 12 L. Ed. 889, the court said:

"It is not a sufficient foundation for an exception that a fact charged in a bill is not answered, unless the fact is material, and might contribute to support the equity of the case of the complainant, and induce the court to give the relief sought by the bill."

The real question presented by the exceptions is, therefore, whether or not the allegations in the complaint to which they refer are, or are not, material. The third exception refers to the allegations in the complaint that the "notice of location" was duly recorded at a certain time and place, and gives the name of the book in which the notice was recorded, etc. Is this allegation a material one? The United States laws do not require a record of the notice of location to be made, in order to locate a lode mining claim. Section 2324, Rev. St. [U. S. Comp. St. 1901, p. 1426], simply provides that:

"All records of mining claims hereafter made shall contain the name or names of the locators, the date of the location, and such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim."

The decisions in the state and national courts have uniformly held that no record of the notice of location is necessary unless the laws of the state, or the rules and regulations of the mining district in which the claim is located, require it. Golden Fleece Gold & Silver Min. Co. v. Cable Consol. Gold & Silver Min. Co., 12 Nev. 312, 323; Southern Cross Gold & Silver Min. Co. v. Europa Min. Co., 15 Nev. 383; North Noonday Min. Co. v. Orient Min. Co. (C. C.) 1 Fed. 523, 533; Jupiter Min. Co. v. Bodie Consol. Min. Co. (C. C.) 11 Fed. 667, 678; Haws v. Mining Co., 160 U. S. 303, 318, 16 Sup. Ct. 282, 40 L. Ed. 436; 1 Lindley, Mines, § 273, and authorities there cited.

The laws of this state, among other things, provide that the discoverer of a vein or lode may locate a claim thereon "by posting a notice of such location at the point of discovery," and declares what such notice shall contain. Cut. Comp. Laws, § 208. But this section does not require such notice to be recorded. Section 210 provides that "within ninety days of the date of posting the location notice upon the claim the locator shall record his claim with the mining district recorder and the county recorder of the mining district or county in which such claim is situated by a location certificate," and provides what the certificate of location shall contain. It is true that several of the requirements in this section are the same as those required by

section 208, but, in addition thereto, it is provided that the certificate of location must contain other matters not called for by the location notice that was to be posted on the ground, notably, (5) "the dimensions and location of the discovery shaft, or its equivalent, sunk upon the claim"; and (6) "the location and description of each corner with the markings thereon." The certificate of location is separate and distinct from the location notice. It is the "certificate of location," not the "notice of location," of the claim, that is required by the state law to be recorded. The complaint is silent as to any provisions in the local rules or regulations, if any exist, in the Tonopah mining district. There being no law or rule requiring the recording of the notice of location, it is wholly immaterial whether it was recorded or not. It was an immaterial averment which was unnecessary to be alleged in the complaint, and the defendant is not required to answer it.

With reference to the fourth exception but little need be said. The reasons and conclusions reached in discussing the third exception are directly applicable to the fourth, and need not be repeated. The fact is that the material portion of the averment in the complaint to which reference is made in the fourth exception is denied in the answer.

The fifth exception is also without merit. The entire averment in paragraph 9 of the complaint must be considered, in order to determine whether, or not, the language of the extract quoted in the exception is material or not. This averment reads as follows:

"(9) That said Buckboard claim, as claimed by the defendant in its application in the United States land office at Carson City, Nevada, for a patent, as hereinafter set forth, crosses and overlaps and conflicts with said McNamara claim, and embraces two and eighty-five hundredths (2.85) acres of said McNamara claim, the property of said plaintiffs, as fully appears by reference to said plat of survey made from an actual survey by, and duly certified by, John G. Booker, United States deputy mineral surveyor for Nevada, filed with the adverse claim of said plaintiffs in said land office as aforesaid, and which plat of survey presents a correct description of the relative locations of said McNamara claim and said Buckboard claim, and shows the area in conflict, and the boundaries and extent of such conflict, a true and correct copy of which plat is hereto attached, and made a part hereof, marked 'Exhibit C.' "

Plaintiff was not required by any rule of pleading to annex the copy of the plat to the complaint, or to allege that it was "a true and correct copy." This is a matter of evidence, which it was unnecessary to plead. This averment in the complaint might have been left out without affecting the sufficiency, or in any manner impairing the other averments in paragraph 9 of the complaint. It could have been left out of the complaint without any injury to the plaintiff. These are the usual tests which have been applied to determine whether or not the allegations in the complaint are or are not material. 1 Estee, Pl. § 190, and authorities there cited.

The material portions of the ninth paragraph in the complaint are denied in the answer, as will be seen by the following averment:

"And for further answer to said complaint, this defendant denies that said Buckboard claim, as claimed by the defendant in its application in the United States land office at Carson City, Nevada, for a patent, as set forth in said bill of complaint, crosses or overlaps or conflicts with said McNamara

claim, or embraces two and eighty-five hundredths, or any other acres or area, or any other part of said McNamara claim, or that said two and eighty-five hundredths acres, or any part thereof, is the property of said plaintiffs, or either of them, or as made from an actual or any correct survey by, or duly or otherwise certified by, John G. Booker, mentioned in paragraph 9 of said bill of complaint; and defendant denies that said plat of survey mentioned in said paragraph nine presents a correct description of the relative locations of said McNamara claim or said Buckboard claim, or either of said claims, or shows the correct area in conflict between said claims, or the correct boundaries or extent of such conflict, or that said McNamara claim, as originally located, conflicts with said Buckboard claim, or any part thereof."

For the reasons above given, the several exceptions are overruled.