PEOPLE OF STATE OF MICHIGAN v.
BANNING et al.

PEOPLE OF STATE OF MICHIGAN v.
BANNING.

Nos. 4492, 4493.

United States District Court
E. D. Michigan, N. D.

Jan. 13, 1950.

Henry E. Naegely, Jr., Saginaw, Mich., for plaintiff.

B. J. Tally, Bay City, Mich., for defendants.

PICARD, District Judge.

This matter comes before this court on motion to remand made by the Prosecuting Attorney of Saginaw County, which is located in this district and division.

Section 1442, Title 28 of the United States Code Annotated provides:

"(a) A civil action or criminal prosecution commenced by a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States *or any agency thereof,* or person acting under him, for *any act under color of such office * * *.*" (Emphasis ours.)

Based on the above and following Section 1446, defendants removed this case to this court after their arrest on a warrant and before the hearing day set to determine whether information should issue.

Defendants it appears are employees of both the Saginaw Housing Commission and the Federal Public Housing Administration, but defendants claim that Saginaw Housing Commission, while a partner with the federal government in administration of federal housing, has not now, and never did have, any funds that defendants or either of them could have embezzled. They also allege that all of their acts involving money coming under their control, were acts done under "color of" their federal, not their municipal "office." Therefore the question of whether the moneys coming into that office is local or federal becomes an issue.

### Conclusions of Law

It appears to this court that defendants labor under the impression that since admittedly they are federal employees all they must do is to so state and to add to

their petitions for removal that all acts done by them were done under color of their federal office; that then the case is automatically removed to this court.

This was not true under the old law, Title 28 U.S.C.A. § 76, and it is not true under the present law, § 1442 of Title 28 U.S.C.A. While the present law broadens the coverage by adding many federal employees who may claim immunity from state prosecution, application of the law is still limited to those acts done by those employees "under color of such office." Furthermore, this fact must affirmatively appear, not alone by a broad statement in the petition to that effect, but by direct averments which must exclude possibility that any of their alleged acts was not justified by their federal duty. Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970; State of Colorado v. Symes, 286 U.S 510, 52 S.Ct. 635, 76 L.Ed. 1253.

Just what plaintiff's proofs will be has not been communicated to this court. It may be shown that the money alleged to have been taken had nothing remotely to do with Federal Public Housing Administration funds. On the other hand it may well be that at the examination on the warrant, defendants' contention will be substantiated. At least not until that hearing will this court be in a position to determine whether what defendants allegedly did was "under color of" their "office" within the meaning and intent of the above section quoted. But at this time we have no right to acquire jurisdiction by assumption of what the evidence will be.

Here the question of whether defendants "embezzled" is not of prime importance. If at the hearing plaintiff is unable to produce sufficient evidence for the issuing of an information on the charge as it now is—that of embezzlement of Saginaw Housing Commission funds—then the State's case will probably fall regardless of whether defendants embezzled from the federal government.

If we were to hold otherwise, then any defendant on any charge can remove any case to a federal court before trial by merely stating that he is a federal employee and committed the alleged wrongful act within the "color of" his "office." This would lead to chaos and would most certainly place federal employees in a select and favored status never intended by either the prior (§ 76) or the present section (§ 1442).

For the above reasons we find that defendants' petitions are premature and we remand this case to the county court from which it came.