Leonard R. STEIN-SAPIR, Plaintiff-Appellant,

v.

William BIRDSELL (80–3805), Florence Birdsell, Administratrix of the Estate of William Birdsell (81–3340), Defendants-Appellees.

Nos. 80–3805, 81–3340.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs March 2, 1982.

Decided March 23, 1982.

Barton J. Craig, Cleveland, Ohio, for plaintiff-appellant.

James R. Williams, U. S. Atty., Richard J. French, Asst. U. S. Atty., Cleveland, Ohio, for defendants-appellees.

Before MARTIN, Circuit Judge, WEICK, Senior Circuit Judge, and CHURCHILL, District Judge.*

PER CURIAM.

This appeal requires us to review the removal, pursuant to 28 U.S.C. § 1442, of a libel and slander action from Ohio state court to the federal District Court for the Northern District of Ohio. We must also examine the District Court's dismissal of the complaint on the merits.

In April, 1980, the Cleveland Press ran a series of articles about a dispute between the National Park Service and homeowners in the Cuyahoga Valley National Recreation Area. At that time, William Birdsell was Superintendent of the Recreation Area; his duties included acting as media spokesman for the project. Interviews with Birdsell figured prominently in the Cleveland Press' coverage of the dispute. In one such interview, Birdsell allegedly said that Leonard Stein-Sapir, a Cuyahoga Valley Landowner and president of the Cuyahoga Valley Homeowners' Association, had attempted to "cheat the government" and had behaved in an "unethical" manner.

On June 11, 1980, Stein-Sapir sued Birdsell in Cuyahoga County Court for libel and slander. Birdsell removed the case to federal court under the federal officer statute, 28 U.S.C. § 1442(a)(1). In support of removal, Birdsell asserted that he was a federal employee and that he had acted within the scope of his employment and under color of his office with respect to the allegations of Stein-Sapir's complaint.

Stein-Sapir objected to removal and filed a motion to return the case to state court. While this motion was pending, Birdsell died. Stein-Sapir then filed another action in state court, this time naming Birdsell's administratrix as the defendant. The second suit was also removed to federal court over Stein-Sapir's objection.

The District Court found that both cases had been properly removed. On the sub-stantive issue, it held that under Ohio law, an action for slander and libel abates with the death of a party and does not survive in the deceased party's estate. Accordingly, it dismissed Stein-Sapir's complaints. We affirm the District Court's rulings on both the removal and the abatement questions.

The federal officer removal statute provides:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place where it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office . . .

28 U.S.C. § 1442(a)(1). The traditional "color of office" test for removal requires a "causal connection" between the charged conduct and asserted official authority. "It is enough that [petitioners'] acts or presence at the place in performance of their official duty constitute the bases, though mistaken or false, of the state prosecution." *Maryland v. Soper*, 270 U.S. 9, 33, 46 S.Ct. 185, 190, 70 L.Ed. 449 (1926).

In a more recent case involving alleged misconduct by federal prison officials toward prison inmates, the Supreme Court stated: "In a civil suit of this nature, we think it was sufficient for petitioners to have shown that their relationship to respondent derived solely from their official duties." *Willingham v. Morgan*, 395 U.S. 402, 409, 89 S.Ct. 1813, 1817, 23 L.Ed.2d 396 (1969).

Stein-Sapir cites several District Court cases where removal was denied. *Ampey v. Thornton*, 65 F.Supp. 216 (D.C.Minn.1946); *People v. Banning*, 88 F.Supp. 449 (E.D. Mich.1950). As the appellee points out, however, these cases were decided before *Morgan* and were influenced by the defendant's failure to raise a "federal defense."

* Honorable James P. Churchill, United States District Judge for the Eastern District of Michi-gan, sitting by designation.

Since *Morgan*, at least one circuit has held that allegations of a federal defense are not essential for removal. *Commonwealth v. Newcomer*, 618 F.2d 246, 250 (3rd Cir. 1980).

On balance, we believe this case was properly removed to federal court under the rationale of *Morgan* and *Newcomer*. We agree with the District Court that Birdsell's petition and accompanying documents demonstrate the necessary causal connection between his statements to the press and his duties as Superintendent of the Cuyahoga Valley National Recreation Area.

We also agree with the District Court on the abatement issue. The Ohio Revised Code § 2311.21 specifically provides that actions for libel or slander abate with the death of either party. Stein-Sapir contends, however, that his action survives against Birdsell's estate pursuant to Section 2305.21 O.R.C.:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive: and such actions may be brought notwithstanding the death of the person entitled or liable thereto.

In our opinion, the Ohio courts have conclusively resolved this question against the appellant. In *State ex rel. Crow v. Weygant*, 170 Ohio St. 81, 162 N.E.2d 845 (1959), the Ohio Supreme Court held that a suit for malicious prosecution is not one for "injuries to the person" and therefore does not survive under Section 2305.21. In *Flynn v. Relic*, Ohio App.2d (# 41404, June 26, 1980), the Ohio Court of Appeals applied the *Weygant* theory to actions for slander and libel and held that they do not survive the death of a party.

For the foregoing reasons, the judgment of the District Court is affirmed.