Marshall HOOD, Plaintiff,

v.

The SECURITY BANK OF HUNTINGTON, et al., Defendants.

No. C–1–82–1021.

United States District Court,
S.D. Ohio, W.D.

April 21, 1983.

Charles Cooper, Ironton, Ohio, for plaintiff.

Anthony G. Covatta and Nicholas J. Pantel, Cincinnati, Ohio, for defendants.

OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO DISMISS
THE FEDERAL DEFENDANT AND
TO REMAND TO STATE COURT;
AND GRANTING DEFENDANT
BANK'S MOTION TO FILE A
CROSS–CLAIM

SPIEGEL, District Judge:

This action originally was filed in the Court of Common Pleas of Lawrence County, Ohio against the Security Bank of Huntington (Bank). The complaint subsequently was amended to join as a defendant the administrator of the United States Small Business Administration (SBA). Defendant United States thereafter filed a petition to remove the action to federal court pursuant to 28 U.S.C. § 1442(a)(1) (doc. 1), and the case was removed to this Court. Plaintiff then filed a motion to dismiss the SBA, with prejudice, and to remand the case to state court for trial (doc. 6). Defendant SBA submitted a notice that it had no objection to plaintiff's motion (doc. 7) and this Court granted plaintiff's motion due to the erroneous belief that the Bank had not filed an objection (doc. 11). It was thereafter brought to the attention of the Court that the Bank had filed an objection within the time provided by the Rules of this Court (doc. 9). We, therefore, vacated our prior Order and agreed to reconsider the matter (doc. 12). For the reasons set forth below, it is the conclusion of the Court that plaintiff's motion to dismiss the SBA with prejudice and to remand the case to state court should be denied.

The first question that must be addressed is whether this case was properly removed from state court. 28 U.S.C. Section 1442 provides:

[a] civil action or criminal prosecution commenced in a state court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) any officer of the United States or any agency thereof, or person acting under him, for any act under color of

such office or on account of any right, title or authority claimed under any act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

This right of a federal officer to have the protection of a federal forum is to be interpreted broadly. *Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969); *Tennessee v. Davis,* 100 U.S. 257, 25 L.Ed. 648 (1880). For this reason, "the right of removal under 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." *Willingham v. Morgan,* 395 U.S. at 406, 89 S.Ct. at 1816. The complaint clearly states a claim against a federal officer acting under the color of his office and in the performance of his duties. Thus, the United States clearly had a right to remove this action from state court to federal court under section 1442(a)(1).

Further, even though all defendants ordinarily must join in a petition for a removal, section 1442(a)(1) represents an exception to that rule. Because a federal officer is the only person who can remove a case under section 1442(a)(1), the federal officer may remove even if the other defendants do not join in the petition. *Ely Valley Mines v. Hartford Acc. & Indem. Co.,* 644 F.2d 1310, 1315 (9th Cir.1981). In this case, the bank did not formally join in the petition to remove but we find the case was nonetheless properly removed to this Court. We note, however, that the Bank clearly has recorded its assent to the removal and whether this assent is sufficient to satisfy the general rule is a question that need not be decided by this Court.

The right of removal is determined by the pleadings, viewed as of the time when the petition for removal is filed. *Albright v. R.J. Reynolds Tobacco Co.,* 531 F.2d 132, 135 (3d Cir.), *cert. denied,* 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976). The plaintiff may not thereafter take action to defeat federal jurisdiction and force

remand after the case has been properly removed. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Anderson v. Allstate Ins. Co.,* 630 F.2d 677 (9th Cir.1980); *Albright, supra.* Thus, plaintiff in this case may not force a remand by dismissing his claim against the federal defendant. Moreover, a federal court always has discretion to retain jurisdiction, even where the claim or party giving rise to the Court's federal jurisdiction has been dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

In this case plaintiff seeks to have the federal defendant dismissed so as to defeat the jurisdiction of this Court and force a remand of this action to state court. Even if we were to grant plaintiff's motion to dismiss the federal defendant, however, we would do so without prejudice to the Bank to implead the administrator of the SBA as a third-party defendant under Rule 14, Fed.R.Civ.P.

The Bank asserts in its memorandum that the SBA may be liable to it for part of the plaintiff's claim against the Bank. In his complaint the plaintiff alleges that the Bank committed fraud and misrepresentation designed to induce plaintiff into purchasing items of personalty at a public sale arising out of the default of Ferrofab, Inc., on a loan. Both the Bank and the SBA were parties to the Ferrofab loan, with SBA guaranteeing ninety percent of the loan. Pursuant to the provisions of the loan guarantee, SBA compensated the Bank for ninety percent of the outstanding balance of the Ferrofab loan as computed after realization of the proceeds of the Ferrofab default sale. The Bank asserts that this action puts into question the amount that was validly collected at the sale and thus casts into doubt the amount that SBA could be called upon to contribute to the Bank. Should the Bank have to pay some of the proceeds of the sale back to the plaintiff, the Bank asserts that the SBA would be liable to the Bank for additional sums on its guarantee.

As stated by the leading commentators on federal procedure:

The objective of Rule 14 is to avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or a part of plaintiff's original claim.

6 Wright & Miller *Federal Practice and Procedure* § 1442, at 202 (1971). Because Rule 14 is remedial in nature and designed to "avoid circuitry of action" it is to be liberally construed. *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander,* 414 F.2d 143, 146 (6th Cir.1969).

The Bank's claim against the SBA clearly arises out of the same events that give rise to plaintiff's claim against the Bank. Further the Bank's claim against the SBA is entirely dependent upon the outcome of plaintiff's claim against the Bank; if plaintiff does not prevail in his claim against the Bank, the Bank has no claim against the SBA. This is precisely the situation envisioned by Rule 14 and we find that the Bank would be entitled to implead the SBA as a third-party defendant under this Rule.

If we were to dismiss plaintiff's claim against the SBA without prejudice to the Bank to implead the SBA as a third-party defendant, and ordered the case remanded to state court, the Bank would immediately exercise its right to implead the SBA as a third-party defendant. At that time, the SBA would have the right to have the case removed to federal court under 28 U.S.C. § 1442(a)(1). *See Davenport v. Borders,* 480 F.Supp. 903, 905 (N.D.Ga.1979), *citing Willingham v. Morgan, supra.* Because we do not view this as a very efficient use of either the Court's or the parties' time and energy, we have concluded that it is best to leave the parties as they stand and to grant leave to the Bank to file a cross-claim against the SBA. If for some reason, plaintiff still wants to dismiss his claim against the SBA despite the fact that such dismissal will not result in a remand to state court, and despite the fact we would allow the Bank to implead the SBA as to a third-party defendant, he may file an appropriate

motion within thirty days and we will consider the merits of the motion at that time.

For the reasons set forth above, we find that plaintiff's motion to dismiss the SBA should be and is hereby denied; plaintiff's motion to remand this action to state court should be and is hereby denied; and defendant The Security Bank of Huntington is hereby granted leave to file its cross-claim against the Small Business Administration within thirty days of the date of this Order.

SO ORDERED.