Joseph L. HOWARD, et al., Plaintiffs,

v.

Deborah J. SIKULA, et al., Defendants.

No. C–3–84–986.

United States District Court,
S.D. Ohio, W.D.

Jan. 23, 1986.

Eugene Robinson, Dayton, Ohio, for plaintiffs.

Gerald F. Kaminski, Asst. U.S. Atty., Dayton, Ohio, for defendants.

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION TO RE-MAND; DECISION AND ENTRY ORDERING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT NANCY A. GUEST SHOULD NOT BE DIS-MISSED; DECISION AND ENTRY CONSTRUING DEFENDANTS' MO-TION TO DISMISS OR IN THE AL-TERNATIVE FOR SUMMARY JUDG-MENT AS A MOTION FOR SUMMA-RY JUDGMENT AND SUSTAINING SAME

RICE, District Judge.

This case is presently before the Court on Plaintiffs' Motion to Remand (Doc. # 3) and on Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 12). For the reasons set forth below, Plaintiffs' Motion to Remand is over-ruled, and Defendants' Motion to Dismiss or in the Alternative for Summary Judg-ment is treated as a motion for summary judgment and granted.

## I. *Factual Background*

Plaintiff Joseph Howard, at the time the events underlying this lawsuit occurred, was an Air Force Reservist assigned as the non-commissioned officer in charge of nurs-ing services for the 906th TAC Fighter Group, Wright-Patterson Air Force Base. Defendants at that time were also mem-bers of the Air Force Reserve assigned to that unit.

At that time, Joseph Howard and De-fendants were on inactive duty status, but each attended unit training assemblies con-ducted over two days on one weekend in each month. On November 5, 1983, the Defendants, while attending one of these unit training assemblies, presented the commander of their unit with written charges alleging that Joseph Howard had discovered and informed them that the chief nurse who was then scheduled for immediate assignment to the group was not liked in her previous assignment. These charges also indicated that Mr. How-ard had suggested a "sick-in" demonstra-tion should occur to protest the assignment of the new chief nurse. The written state-ments were given to the commander of the unit, allegedly at his official direction, dur-ing the course of his investigation of possi-ble misconduct. These statements were used by the commander as evidence to sup-port a letter of reprimand issued to Mr. Howard on November 6, 1983.

This lawsuit was filed on November 4, 1984 in the Common Pleas Court of Greene County, Ohio. It was removed to this Court on December 4, 1984. Plaintiffs claim that these statements were defam-atory and caused Plaintiff Joseph Howard

actual damages. Plaintiff Joanna Howard, Joseph Howard's wife, claims damages for loss of consortium and for emotional injury.

## II. *Motion to Remand*

Plaintiffs' Motion to Remand (Doc. # 3) argues three grounds for its conclusion that this action was improperly removed from the Greene County Common Pleas Court. First, Plaintiffs argue that at all relevant times Defendants were not officers of the United States or members of the Armed Forces. Second, Plaintiffs argue that the Defendants were not required or permitted by their duties to volunteer the statements in question. Finally, Plaintiffs argue that not all of the Defendants have joined in this Petition for Removal (Doc. # 1). Because the Court finds each of these three arguments not to be well taken, the Motion to Remand is overruled.

Defendants have removed this action from state court under 28 U.S.C. §§ 1442(a)(1) and 1442a. Section 1442(a)(1) provides:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Section 1442a provides:

A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title

or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause.

In the present action, the Court must determine whether Defendants were either members of the Armed Forces, per § 1442a, or officers of the United States, per § 1442(a)(1), and if so, whether they were acting under color of office in submitting their statements to their commander.

"Armed Forces" is not defined in Title 28 of the Code. However, 10 U.S.C. § 101(4) states: " 'Armed forces' means the Army, Navy, Air Force, Marine Corps, and Coast Guard." "Air Force" is defined in 10 U.S.C. § 8062(d)(1) as consisting of "the Regular Air Force, the Air National Guard of the United States, the Air National Guard while in the service of the United States, and the Air Force Reserves...."

■ In this action, it is undisputed that the Defendants were members of the Air Force Reserve. *See* Complaint (attached to Doc. # 1) at ¶ 1. Plaintiffs cite *State of Missouri ex rel. Drane v. Adams*, 335 F.Supp. 691 (W.D.Mo.1971), for the proposition that national guard members are not members of the armed services for removal purposes. However, Air Force Reservists are always a component of the Air Force; National Guard members are only a component of the Air Force when they are on active duty with the United States. *Compare* 10 U.S.C. § 8076 *with* 10 U.S.C. §§ 8078 and 8079. Thus, under the statute the Defendants are undisputably members of the Armed Forces.[1] It is unnecessary

---

1. Plaintiffs also apparently argue that under *United States v. Caputo*, 18 M.J. 259 (C.M.A. 1984), a reservist on inactive duty cannot be

considered a member of the Armed Forces. The Court rejects this argument for two reasons. First, the Court believes that the broader defini-

for the Court to decide whether the Defendants are also officers of the United States.[2]

■ The undisputed facts in this action further show that the Defendants were acting under color of office at all times relevant to Plaintiff's claims. In *Willingham v. Morgan*, 395 U.S. 402, 409, 89 S.Ct. 1813, 1817, 23 L.Ed.2d 396 (1969), the Supreme Court examined the color of office test in the context of removal from state court:

> In a civil suit of this nature, we think it was sufficient for petitioners to have shown that their relationship to respondent derived solely from their official duties.... In this case, once petitioners had shown that their only contact with respondent occurred inside the penitentiary, while they were performing their duties, we believe that they had demonstrated the required "causal connection." The connection consists, simply enough, of the undisputed fact that petitioners were on duty, at their place of federal employment, at all relevant times. If the question raised is whether they were engaged in some kind of "frolic of their own" in relation to respondent, then they should have the opportunity to present their version of the facts to a federal, not a state, court. This is exactly what the removal statute was designed to accomplish. Petitioners sufficiently put in issue the questions of official justification and immunity; the validity of their defenses should be determined in the federal courts.

tion found in the statutory sections cited above is in conformity with the § 1442a objectives of preventing state court interference in national military affairs. Second, the Court reads *Caputo* as failing to reach the issue of whether inactive reservists are under the jurisdiction of the Uniform Code of Military Justice, and instead deciding the case on the rule that re-entry into military service does not revive jurisdiction over an offense committed prior to termination of service. *See id.* at 266–68. Other courts have held that a reservist who accepts enlistment orders is subject to the Uniform Code of Military Justice. *See Wallace v. Chafee*, 451 F.2d 1374 (9th Cir.1971).

(footnotes omitted). *See also Stein-Sapir v. Birdsell*, 673 F.2d 165 (6th Cir.1982) (applying *Willingham* to slander action and finding removal appropriate even absent federal defenses); *Abrams v. Playle*, 414 F.Supp. 634, 636 (D.Guam 1976) (defamation claims arising solely out of contacts in official capacity removable to federal court).

In the present action, all of the contacts between Joseph Howard and Defendants relevant to the defamation claim occurred while these parties were performing duties at least apparently required by their capacities as Air Force Reservists. While Defendants have indicated that contacts with the Plaintiff Joseph Howard may have occurred prior to the weekend in which they were attending unit training assemblies, the allegedly defamatory statements were undisputedly made during that weekend. *See* Affidavit of Joseph L. Howard (attached to Doc. # 15) at 7–12. Thus, under the *Willingham* test, Defendants have shown sufficient causal connection between their official duties and the alleged injury to Plaintiffs for this Court to find that they were acting under color of office.

■ Finally, Plaintiffs argue that removal was improper because all Defendants have not joined the Petition to Remove. Defendant Nancy A. Guest has not been served to date in this action, and accordingly she did not join in the Petition to Remove. However, as Plaintiffs themselves apparently concede (*see* Doc. # 15 at 9), if removal is premised upon Defendants being members of the Armed Forces or officers of the United States, all Defendants

2. The Court notes, however, that under *Montana v. Christopher*, 345 F.Supp. 60 (D.Mont. 1972), a member of the Armed Forces is considered an officer of the United States if he or she is acting under orders of a superior officer. In the present action, it appears that the Defendants' statements were made at least in part under their commanding officer's orders. *See* Affidavit of Joseph L. Howard (attached to Doc. # 15 at 7–8) ("At this mass meeting, Captain Ray requested all of the medical technicians to prepare written statements pertaining to this Affiant....").

need not join in the Petition. *See Hood v. Security Bank of Huntington*, 562 F.Supp. 749, 750 (S.D.Ohio 1983); *Howes v. Childers*, 426 F.Supp. 358, 359 (E.D.Ky. 1977).

Therefore, because the Court finds that Defendants in this action were members of the Armed Forces and acting under color of office at all times relevant to Plaintiffs' claim, Plaintiffs' Motion to Remand is overruled.

### III. *Failure to Serve Defendant Nancy A. Guest*

In reviewing this case, it appears that Plaintiffs have failed to serve the summons herein upon Defendant Nancy A. Guest. Under Rule 4(j):

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative without notice to such party or upon motion.

Therefore, Plaintiffs are given seven days from receipt of this decision to show good cause why this action should not be dismissed as against Defendant Nancy A. Guest. Failure to make such a showing will result in the Court dismissing *sua sponte* the portion of the Complaint as it applies to said Defendant.

### IV. *Motion to Dismiss or in the Alternative for Summary Judgment*

 Having found that this action is properly removed, and having ordered Plaintiffs to show cause why Defendant Nancy A. Guest should not be dismissed from this action, the Court now turns to the remaining Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 12). Because the parties have presented, and the Court has considered, material outside of the pleadings, this motion will be considered as one brought under Rule 56 for summary judgment. *See* Fed.R.Civ.P. 12(b). Because the Court finds that this action is precluded under the *Feres* doctrine, summary judgment is granted to the remaining Defendants.[3]

The *Feres* doctrine arises out of the Supreme Court's decision in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). In that case, the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of injuries incident to service." *Id.* at 146, 71 S.Ct. at 159. Subsequently, the doctrine has been expanded to provide immunity from liability in lawsuits between members of the Armed Forces. *See Mollnow v. Carlton*, 716 F.2d 627 (9th Cir.1983); *Stanley v. CIA*, 639 F.2d 1146, 1152 (5th Cir. 1981); *Bailey v. DeQuevedo*, 375 F.2d 72 (3d Cir.1967).

The Sixth Circuit, in *Woodside v. United States*, 606 F.2d 134 (6th Cir.1979), examined the meaning of "incident to service" as a prerequisite to application of the doctrine. The court noted:

> *Feres* requires that there be some proximate relationship between the service member's activity and the Armed Forces. Where the two are closely associated or naturally related, the activity will be deemed "incident to service" even though not an essential or integral part of the mission of the Armed Forces and even though not directly involving a command relationship between the soldier and the military.

---

3. The Court also finds that Plaintiffs' claims are barred by the immunity the Defendants enjoyed as federal officials. *See Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). It is clear from the affidavits of the Defendants and of Major Joseph R. Kraynak (Exhibits A–H attached to Doc. # 12) that the acts alleged in the Complaint were within the required duties of the Defendant. Accordingly, the Defendants enjoyed absolute immunity from liability for the acts alleged. *See Gray v. Bell*, 712 F.2d 490, 505 (D.C.Cir.1983); *Claus v. Gyorkey*, 674 F.2d 427, 431 (5th Cir.1982).

*Id.* at 141. Among the factors to be considered are whether the injury was in the line of duty, whether the injured is subject to military duty at the time of injury, whether the injured is on active duty at the time of the injury, and, finally, whether the activity is provided directly by the military or if there is substantial involvement of the Armed Forces in the activity. *Id.* at 141–42.

In the present action, the Court has already found that Plaintiff Joseph Howard and the Defendants were members of the Armed Forces under the applicable statutes. Applying the test of *Woodside* to the undisputed facts in the record herein, it is apparent that Plaintiff Joseph Howard was injured incident to his service in the Armed Forces. While Plaintiff apparently was not on active duty when the alleged defamation occurred, he was undisputedly subject to military duty at the time of the injury and was involved in an activity at that time that was provided directly by the military. *See* Affidavit of Joseph L. Howard (attached to Doc. # 15) at 4; Affidavits of Joseph R. Kraynak (Exhibits E–H attached to Doc. # 13). Further, the injury alleged grew directly out of the military disciplinary process. *Id.* In view of these facts, the Court must apply the *Feres* doctrine. Accordingly, summary judgment must be granted against the claims of Joseph Howard, and in favor of the remaining Defendants.[4]

■ Because the Court has granted summary judgment on Joseph Howard's claims, it must do the same to Joanna Howard's claims for loss of consortium. Under Ohio law, claims for loss of consortium are derivative from the primary claim and thus must be dismissed when the primary claim fails. *See Messmore v. Monarch Machine Tool Co.,* 11 Ohio App.3d 67, 463 N.E.2d 108, 110 (1983) ("[A] cause of action based upon a loss of consortium is a derivative action. That means that the derivative action is dependent upon the existence of a primary cause of action and can be maintained only so long as the primary action continues."). Accordingly, summary judgment is granted against Plaintiff Joanna Howard and in favor of the remaining Defendants.

In sum, the Court has overruled Plaintiffs' Motion to Remand, and has granted summary judgment in favor of all Defendants except for Nancy A. Guest. Plaintiffs are given seven days to show good cause why service has not been executed upon Ms. Guest. Failure to make such a showing will result in dismissal of the remaining claims in this action.

---

**4.** The Court notes, without deciding, that the reasoning requiring that summary judgment be granted in favor of these Defendants would also likely require that the Court grant summary judgment in favor of Defendant Nancy A. Guest, were she to be served with summons in this action.