**Christina RUSSO**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA**

No. 86–5331.

United States District Court,
E.D. Pennsylvania.

Nov. 21, 1986.

Robert M. Lipschutz, Philadelphia, Pa., for Russo.

Hope A. Comisky, Philadelphia, Pa., for Prudential Ins. Co. of America.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff commenced this action for wrongful termination of employment in the Court of Common Pleas of Philadelphia County on or about January 7, 1986, but did not serve a copy of the complaint upon defendant until August 15, 1986. Defendant removed the case to federal court on September 9, 1986 on grounds of diversity of citizenship. Defendant then moved to dismiss the complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 4(j). Plaintiff states that the granting of this motion will have the effect of a dismissal *with* prejudice because the statute of limitations has run, and opposes the motion. For the reasons set forth below, we will deny defendant's motion to dismiss.

Fed.R.Civ.P. 4(j) provides:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant with-

---

out prejudice upon the court's own initiative with notice to such party or upon motion.

Plaintiff argues, in effect, that Rule 4(j) should not be applied to cases removed to federal court after service has been made. This argument is supported by the language of Fed.R.Civ.P. 81(c), which states that the Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts *and govern procedure after removal*" (emphasis added). Where, as in this case, process was served *before* removal, Rule 81(c) suggests that the time limits of Rule 4(j) do not apply.

Admittedly, the word "after" in Rule 81(c) need not be viewed as a rigid time cut-off. In some instances, the federal rules embody responses to concerns that apply with equal force regardless of where an action is initiated. *See, e.g., Porte v. Home Federal Savings & Loan Ass'n*, 409 F.Supp. 752, 753 (N.D.Ill.1976) (requiring verification of complaint, pursuant to Fed. R.Civ.P. 23.1, in a removed stockholder derivative action). Rule 81(c) itself expressly contemplates such situations by providing that the court *may* order repleading. We hold, however, that the policies underlying Rule 4(j) do not require that the rule be applied to cases such as the case before us.

Subsection (j) of Rule 4 was added by the 1983 amendments to the Federal Rules of Civil Procedure. As proposed by the Supreme Court in 1982, the purpose of the amendments to Rule 4 was "to reduce the burden on the United States Marshal Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process." Advisory Committee Note to Proposed Rule 4(c), *reprinted in* 2 Moore's Federal Practice para. 4.01[33.–2] at 4-45. As explained

in the Advisory Committee Note to the Court's proposed Rule 4(j),[1]

Rule 4, as it presently is drafted, provides no time limit for the service of summonses and complaints. As long as service was performed by marshals such a restriction was not necessary. However, the proposed gradual elimination of marshal service raises new concerns about timeliness. Thus, the proposed amendment requires service of process to be made within 120 days after filing the complaint.

2 Moore's Federal Practice para. 4.01[33.–2] at 4-47. Congress amended the Court's proposed changes to Rule 4 because, while "[t]he amendments to Rule 4 of the Federal Rules of Civil Procedure were intended primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions ... the changes not only failed to achieve that goal, but ... in the process the changes saddled litigators with flawed mail service, deprived litigants of the use of effective local procedures for service, and created a time limit for service replete with ambiguities that could only be resolved by costly litigation." 128 Cong.Rec. H9849 (daily ed. Dec. 15, 1982), quoted in 2 Moore's Federal Practice par. 4.01[33.–3] at 4-48. Congress retained the 120–day time limit for service that the Court had proposed, but clarified it in several respects not relevant to this litigation. The resulting rule was stated to be consistent with the policy behind the time limit for service, which was "designed to encourage prompt movement of civil actions in the federal courts." *Id.* at 9851, quoted in 2 Moore's Federal Practice par 4.01 [33.–3] at 4-54.

In cases, like the case before us, which are removed to federal court after service has already been accomplished, any delay

---

**1.** The proposed version of Rule 4(j) was as follows:

(j) SUMMONS: TIME LIMIT FOR SERVICE. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's own initiative.

If service is made by mail pursuant to Rule 4(d)(8), service shall be deemed to have been made for purposes of this provision as of the date on which the process was accepted, refused, or returned as unclaimed. This provision shall not apply to service in a foreign country pursuant to Rule 4(i).

between the initiation of an action and the service of the complaint simply has no effect on the movement of civil actions in the federal courts. We thus do not find that the federal rules governing the timing of service should be applied to cases removed to federal court after service has been accomplished.[2]

The cases relied upon by defendant are not to the contrary. In those cases, the issue of compliance with Rule 4(j) was raised with respect to defendants who had not been properly served under state court rules prior to removal of the case to federal court. *See Howard v. Sikula*, 627 F.Supp. 497 (S.D.Ohio 1986); *Zisman v. Sieger*, 106 F.R.D. 194 (N.D.Ill.1985).

An order denying defendant's motion to dismiss is appended.

## ORDER

For the reasons stated in the accompanying Memorandum, it is hereby ORDERED AND DIRECTED that defendant's motion to dismiss for failure to satisfy Fed.R. Civ.P. 4(j) is DENIED.

---

**2.** Courts have noted that the interests of defendants, as well as the interests of the judicial system, might well be prejudiced in some cases by long delays between the initiation of a lawsuit and the serving of process. *See, e.g., Nealey v. Transportacion Maritima Mexicana, S.A.,* 662 F.2d 1275, 1278 (9th Cir.1980). Before the enactment of Rule 4(j), such prejudice was addressed through motions to dismiss for failure to prosecute under Rule 41(b). *See, e.g., id.; but see id.* at 1278 n. 5 ("in deciding whether a delay on the plaintiff's part *prior to removal* constitutes a failure to prosecute as a matter of federal law, ... the district court should consider whether the plaintiff was within his rights under the relevant state law" (emphasis added)).

We do not mean to suggest by our holding in this case that Rule 41(b) is unavailable in cases removed to federal court after process has been served. As defendant has not argued that it has been prejudiced by plaintiff's delay, we have no occasion to consider the applicability of Rule 41(b) here.