**Douglas KNIGHT, Plaintiff,**

v.

**HELLENIC LINES, LTD. and Hobart Bros., Inc., Defendants and Third-Party Plaintiffs,**

v.

**BETHLEHEM STEEL CORP., Third-Party Defendant.**

**No. 81 CV 3939.**

United States District Court, E. D. New York.

July 16, 1982.

---

John Anthony Bonina and Associates, P. C., Brooklyn, N. Y. by Charles H. Dobkin, Brooklyn, N. Y., for plaintiff.

Zock, Petrie, Reid & Curtin, New York City by Martin Coffey, New York City, for Hellenic Lines, Ltd.

Newman & Schlau, P. C., New York City by Robert A. Fitch, E. Paul Dougherty, Jr., New York City, for Hobart Bros., Inc.

Haight, Gardner, Poor & Havens, New York City by Francis X. Byrn, John M. Toriello, New York City, for Bethlehem Steel Corp.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff, a citizen of New York employed by Bethlehem Steel Corporation, commenced this action in New York Supreme Court to recover for personal injuries he sustained while engaged in making repairs to a vessel owned by defendant Hellenic Lines, Ltd., at the United States Marine Ocean Terminal in Bayonne, New Jersey. The injuries allegedly occurred when plaintiff was struck by a welding machine being operated by his fellow Bethlehem employees. The defendant Hobart Bros., Inc. is sued as the manufacturer of the machine. From the pleadings it appears that Hellenic, Hobart and Bethlehem are all foreign corporations which, at a minimum, are doing business in New York.

While the action was pending in State court, Hellenic served a third-party complaint on Bethlehem, which promptly petitioned to remove that claim on the basis of its diverse citizenship and amount in controversy. That petition brought the entire case before this court. Hobart, having been frustrated in an earlier attempt to serve a third-party complaint on Bethlehem, has now done so with leave of court under Rule 14, F.R.Civ.P. Bethlehem now moves to dismiss both third-party actions.

Before Bethlehem's motions may be decided, however, a matter of the court's jurisdiction must be settled. As noted, the action is in federal court because Bethlehem removed it here. Whether an action has been removed with right from a State court is a question that goes to a federal court's subject matter jurisdiction, *see American*

*Fire & Casualty Co. v. Finn*, 341 U.S. 6, 16–19, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951), and therefore may be raised on the court's own motion although the parties have not addressed the matter. See *Cutler v. Rae*, 48 U.S. (7 How.) 728, 731, 12 L.Ed. 890 (1849); 28 U.S.C. § 1447(c); Rule 12(h)(3).

Section 1441 of Title 28 defines the circumstances under which an action may be removed to federal district court. Subsection (a) of § 1441 provides that

"any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . ."

Subsection (c) of § 1441 provides that

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The removal petition based Bethlehem's right to remove the action on the facts that it is a third-party defendant in a third-party action commenced by Hellenic; that while it and Hellenic are both incorporated outside New York, Hellenic has a "principal place of business" in New York and therefore is of diverse citizenship from Bethlehem, see 28 U.S.C. § 1332(c); that Hellenic's third-party action is a "separate and independent cause of action" based upon Bethlehem's alleged breach of a contract with Hellenic at the time of plaintiff's injuries; and that the amount in controversy exceeds $10,000. Bethlehem's petition further alleged that the State court third-party action was one of which this court would have had original jurisdiction if sued upon alone.

Analysis of Bethlehem's petition in terms of the statute raises two questions. First, is a defendant in a third-party action a "defendant" empowered to remove an action under § 1441(a)? Second, does the grant of removal jurisdiction over an "entire case" in § 1441(c) encompass third-party claims added to a lawsuit by a defendant, or only claims in a plaintiff's complaint?

■ As to the first question, judicial authority and the commentators have squarely rejected the view that a defendant in a third-party action is a "defendant" under § 1441(a). *See, e.g., Croy v. Buckeye International, Inc.* 483 F.Supp. 402 (D.Md.1979) (fourth-party claim); *Fiblenski v. Hirschback Motor Lines, Inc.*, 304 F.Supp. 283 (E.D.Ark.1969); *White v. Baltic Conveyor Co.*, 209 F.Supp. 716, 719 (D.N.J.1962); 1A Moore's Federal Practice ¶ 0.157[7] n.8 at 116, ¶ 0.167[10] at 419 (2d ed. 1981); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721 at 717 (1976). This is in keeping with the Supreme Court's command for "strict construction" of removal legislation, *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), in order properly to respect the "power reserved to the states under the Constitution to provide for the determination of controversies in their courts." *Id.* 313 U.S. at 108–09, 61 S.Ct. at 872.

■ The case law authority under § 1441(c) is far more contradictory. Most courts have held that § 1441(c) applies only when the removable and non-removable claims are joined in the plaintiff's complaint, and thus affords no right of removal to a third-party defendant. *See, e.g., Luebbe v. Presbyterian Hospital in the City of New York at Columbian-Presbyterian Medical Center*, 526 F.Supp. 1162, 1164–65 (S.D.N.Y.1981) (Carter, J.); *Greater New York Mutual Insurance Co. v. Anchor Construction Co.*, 326 F.Supp. 245 (E.D.Pa. 1971); *Holloway v. Gamble-Skogmo Inc.*, 274 F.Supp. 321, 324 (N.D.Ill.1967); *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co.*, 208 F.Supp. 544 (S.D.N.Y.1962) (Levet, J.); *Sequoyah Feed & Supply Co. v. Robinson*, 101 F.Supp. 680 (W.D.Ark.1951). These courts emphasize that removal statutes are to be

strictly construed, *e.g., Luebbe v. Presbyterian Hospital, supra*; that Congress has conferred the right of removal only on "defendants," *e.g., Holloway v. Gamble-Skogmo, supra*, 274 F.Supp. at 323; and that the reference to claims "joined" most naturally calls to mind a plaintiff's joinder of claims and not the addition of a third-party defendant, *e.g., Sequoyah Feed & Supply Co., supra*. The view of these courts is shared, and in large measure influenced by that of the two leading commentaries, 1A Moore's Fed.Pract., *supra*, ¶ 0.167[10]; and C. Wright, A. Miller & E. Cooper, Fed.Pract. and Proc., *supra*, § 3724 at 643–46.

Other courts, notably the Fifth Circuit, have held that under § 1441(c) a third-party defendant is entitled to remove a "separate and independent claim or cause of action," which includes one for indemnity. See, *e.g., Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980); *Warynen Funeral Home, Inc. v. J. G. Link & Co.*, 279 F.Supp. 803 (D.Mont.1968); *Industrial Lithographic Co. v. Mendelson*, 119 F.Supp. 284 (D.N.J.1954). Observing that if the particular State's procedural rule does not permit third-party practice, the defendant would have to commence a separate action which itself would be removable, these courts reason that the desired uniform application of removal statutes, see *Shamrock Oil Corp. v. Sheets, supra*, 313 U.S. at 104, 61 S.Ct. at 870, could in substance be defeated by the peculiarities of local practice. Implicitly reasoning further that Congress could not have intended such a fortuitous, formal distinction between a third-party defendant and a defendant to stand in the way of removal, they conclude that a litigant's right to a federal forum is unfairly precluded by the reasoning of the majority. They note also that the statutory language does not expressly limit § 1441(c) to claims "joined" by a plaintiff in the complaint, *e.g., Carl Heck Engineers, supra*, 622 F.2d at 136.

Consideration of the cases and the important federal policy underlying the strict construction of removal statutes have persuaded this Court that third-party defendant Bethlehem had no right to remove this action. As Professor Moore points out, the statutory provisions receive a uniform application by being limited to defendants, and the joinder of claims by a plaintiff. 1A Moore's Fed.Pract., *supra*, ¶ 0.167[10] at 418. Moreover, the arguments that uniformity is impaired because persons in the same substantive position are treated differently by reason of the fortuity of a State's pleading rules, and that this is unfair, are substantially similar to those the Supreme Court found insufficient in *Shamrock Oil Corp. v. Sheets, supra*. See 1A Moore's Fed.Pract., *supra*, ¶ 0.167[10] n.24 at 418. Since the Court lacks jurisdiction to decide Bethlehem's motions to dismiss, the entire action is remanded to State court.

SO ORDERED.