Josephine WAGNER, et al., Plaintiffs,

v.

Craig G. BURKHART, M.S., M.D., et al., Defendants.

No. C 88–7636.

United States District Court,
N.D. Ohio, W.D.

Feb. 21, 1989.

Don Iler, Cleveland, Ohio, for plaintiffs.

James Tuschman, Toledo, Ohio, and Janet Smith, Cleveland, Ohio, for defendants.

## OPINION AND ORDER

JOHN W. POTTER, District Judge:

This cause is before the Court on plaintiffs' motion to remand this action to state court, third-party defendants' opposition to plaintiffs' motion for remand, plaintiffs' reply brief to third-party defendant Roche's opposition to the motion to remand and defendant Craig G. Burkhart, M.D.'s motion to remand. For the reasons hereafter stated, the Court finds that this case was removed improvidently, and the Court is without jurisdiction. The motions of plaintiffs and defendant Burkhart will be granted and the cause will be remanded to the Court of Common Pleas of Lucas County, Ohio.

Plaintiffs filed a malpractice case against defendant Burkhart individually and in his corporate capacity. There were other defendants, but they are no longer in the case. All parties are citizens and residents of Ohio.

Defendant Burkhart filed a third-party complaint against Roche Laboratories and Hoffmann–LaRoche, Inc., the manufacturer of the drug accutane, allegedly responsible for plaintiffs' damages. Third-party defendants filed with this Court a petition for removal of the entire action based on 28 U.S.C. § 1332, § 1441, diversity of citizenship. While the pleading has not been filed in this Court, plaintiffs filed in the Lucas County Common Pleas Court a claim against third-party defendants.

Resolution of the various motions calls for the construction and interpretation of 28 U.S.C. § 1441. In pertinent part, it is as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

.     .     .     .     .

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Plaintiffs assert that the case is not removable because there is a lack of diversity and there is no "separate and independent claim or cause of action." The third-party defendants find diversity between third-party plaintiffs and third-party defendants and a separate and independent claim or cause of action.

Third-party plaintiffs allege that plaintiffs filed their complaint regarding the prescription, administration and usage of certain drugs. The drug accutane was prescribed by defendant Burkhart and was manufactured by third-party defendants. Third-party plaintiffs also alleged they relied on published information as to use of the drug by third-party defendants. In the first count, third-party plaintiffs pray for indemnity based on failing to provide adequate warnings and/or information. In the second count, third-party plaintiffs pray for indemnity based on negligence and/or strict liability and/or breach of warranty and/or breach of contract in the development, manufacture, sale, distribution warnings and/or information of or regarding the drug accutane. The third count asks for contribution, pursuant to Ohio Rev. Code § 2307.31, et seq. The prayer is for a sum equal to any judgment against defendants and third-party plaintiffs.

The issue as stated above concerns the right of a third-party defendant to remove the case based on diversity existing solely between third-party defendant and third-party plaintiff.

Since in the law plagarism is frequently masqueraded as research, the Court, in all candor, must state that, in addition to the briefs of counsel it has borrowed freely from the following: 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3724; 8 ALR Fed 708; 29 Fed Proc, L.Ed. § 69:56. For a multiplicity of cases frequently in conflict see the sources above referred to. The Court has found in the Sixth Circuit only three cases on point. Perhaps there are more but, if so, the Court has not had the benefit of their teachings.

Because of the limited right of appeal, see 28 U.S.C. § 1447, the bulk of the cases are from district courts. The multiplicity of cases interpreting § 1441 cannot be reconciled. Many cases involving a third-party defendant hold that a third-party defendant cannot remove as the defendant is not a defendant within the meaning of § 1441(a). See *Soper v. Kahn*, 568 F.Supp. 398 (D.Maryland 1983), for discussion and citations; *Share v. Sears, Roebuck & Co.*, 550 F.Supp. 1107 (E.D.Pa.1982); *Knight v. Hellenic Lines, Ltd.*, 543 F.Supp. 915 (E.D. N.Y.1982); *Croy v. Buckeye Intern, Inc.*, 483 F.Supp. 402 (D.Maryland 1979).

Another view is that § 1441(c) is limited to claims joined by the original plaintiff. See *Luebbe v. Presbyterian Hospital*, 526 F.Supp. 1162 (S.D.N.Y.1981), third party medical claims against manufacturer of surgical instruments; *Fountain Park Coop., Inc. v. Bank of America Nat'l Trust & Sav. Ass'n*, 289 F.Supp. 150 (D.C. Calif.1968). *Knight*, 543 F.Supp. 915, see discussion therein. See also, *Thomas v. Shelton*, 740 F.2d 478 (7th Cir.1984), holding that § 1441(c) does not authorize removal by third-party defendants but see also the dissent supporting the intermediate position allowing removal where a separate and independent claim exists.

The intermediate position holds that even though a third-party defendant may not remove under § 1441(a) he may under some circumstances remove under § 1441(c). See *Soper*, 568 F.Supp. at 401; *Carl Heck Engineers v. LaFourche Parish Police*, 622 F.2d 133 (5th Cir.1980). However, if the third-party claim is so related to the main claim that it is not a separate and independent claim or cause of action, it is not removable. See 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3724 at p. 390. See also *Luebbe* as follows:

> Finally, even if § 1441(c) was deemed applicable to third-party attempts to remove, Michelsen's claim against Codman & Shurtleff is not separate and independent from plaintiffs' underlying malpractice cause of action. The action against the manufacturer raises some issues not involved in the original malpractice lawsuit insofar as the design and creation of the surgical instrument would not have been relevant before the third-party complaint was filed. But, detailed evidence about the surgical procedure performed on plaintiff will necessarily lie at the core of both issues. It is the reactions and competence of the doctors, the hospital *and* the tool in that situation that will

determine liability. There is only one injury here; the third-party dispute merely adds another possible cause to the issues to be tried and seeks to shift the responsibility for any damage done. Furthermore, it is hard to ignore the fact that Codman & Shurtleff will apparently be sued directly by plaintiffs within the original action. This circumstance renders separate actions even more duplicative of each other.

*Luebbe,* 526 F.Supp. at 1165. See *Knight,* 543 F.Supp. 915; *Holloway v. Gamble–Skogmo, Inc.,* 274 F.Supp. 321 (N.D.Ill. 1967).

While courts are split on the above, they are also split as to what is a separate claim or cause of action. See *Soper,* 568 F.Supp. 398; *First National Bank & Trust Co. v. Port Lavaca Vending Machines, Inc.,* 334 F.Supp. 375 (S.D.Tex.1971); *Marsh Inv. Corp. v. Langford,* 494 F.Supp. 344 (E.D. La.1980). *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), is frequently cited on this point. It should be noted that it did not involve a third-party complaint. However, the court held that:

> Considering the previous history of "separable controversy," the broad meaning of "cause of action," and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

*American Fire & Casualty Co.,* 341 U.S. at 13, 71 S.Ct. at 540. See also *Union Planters Nat. Bank of Memphis v. CBS, Inc.,* 557 F.2d 84 (6th Cir.1977).

In deciding the instant case, the court is not required to resolve the first two points of conflict. The Court finds that, whether or not the two above interpretations would or would not call for remand, the requirement of a separate claim or cause of action does.

In support of the lack of a separate claim or cause of action, third-party plaintiffs in their pleading stress their passive and secondary role as compared to third-party defendants' active and primary role. Third-party plaintiffs seek indemnification or contribution in an amount not to exceed whatever they may be held liable to the plaintiffs.

The only cases on point decided in the Sixth Circuit are by District Judge Swinford, who held that an indemnity action is not a separate claim because the liability of both the original defendant and the third-party defendant depends on the determination of the original claim. *Hyde v. Carder,* 310 F.Supp. 1340 (W.D.Ky.1970); *Rager v. Crampes,* 223 F.Supp. 346 (W.D.Ky.1963). Judge Swinford further held that the purpose of 28 U.S.C. § 1441(c) is to restrict the right to remove and cited *American Fire & Casualty Co.*

*Habermel v. Mong,* 31 F.2d 822 (6th Cir. 1929), holding that when original defendants ask for affirmative relief not involved in the original proceeding the new party may remove the cause is distinguishable.

Remand of the case sub judice is consistent with the policy that the removal statute be strictly construed. While it has been stated that removal should not depend on local law but federal, thus avoiding a piecemeal application of the statute; see *Carl Heck Engineers,* 622 F.2d 133; nevertheless, it is worth noting that Ohio R.Civ.P. 14 states:

> (A) When defendant may bring in third party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than fourteen days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party defendant, shall make his defenses to the third-party

plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13.

Federal R.Civ.P. 14 contains the same language. Thus, because of the relationship between the main claim and the third party claim, there is no separate claim or cause of action. See 8 A.L.R.Fed. 721; *Jamison v. Schneider*, 561 F.Supp. 1087 (D.Kan. 1983), setting forth a catch 22 condition, to-wit the relationship of the main claim to the third party complaint is a bar to removal or, if not, there is no right to bring in the third-party defendant.

Considering that the purpose of § 1441(c) was to limit removal, see *American Fire & Casualty Co.*, principles of federalism, judicial economy, and the fact that any third-party plaintiff recovery and liability of third-party defendants is dependent on the main plaintiff recovery, the Court will order the remand of the entire case.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that the motions to remand be, and hereby are, GRANTED and this case is remanded to the Court of Common Pleas of Lucas County, Ohio.