**SUNNY ACRES SKILLED NURSING, Plaintiff,**

v.

**Josephine WILLIAMS, Guardian of John W. Williams, et al., Defendant and Third–Party Plaintiffs,**

v.

**METROPOLITAN LIFE INSURANCE CO., Third–Party Defendant.**

No. C87–3152.

United States District Court, N.D. Ohio, E.D.

March 20, 1990.

Linda M. Rich, Euclid, Ohio, for plaintiff.

Brian K. Schaner, Cleveland, Ohio, for defendant and third-party plaintiffs.

Jeffrey D. Fincun, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for third-party defendant.

## MEMORANDUM AND ORDER

BATTISTI, Chief Judge.

After her husband and ward John W. Williams suffered a severe stroke, Defendant Guardian and third-party Plaintiff Josephine Williams placed him under the care of Plaintiff, Sunny Acres Skilled Nursing Facility ("Sunny Acres"). She sought to pay for his care under her employee health benefits plan administered by Plan Administrator and third-party Defendant Metropolitan Life Insurance Co. ("Metropolitan").[1] Metropolitan denied payment because the benefit plan did not cover "principally custodial" care. The plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended,* 29 U.S.C. § 1001 *et seq.*

In 1987 in the Court of Common Pleas, Cuyahoga County, Plaintiff Sunny Acres commenced this action against Josephine Williams, Guardian of John Williams, to recover over $61,000' in fees for services rendered. On October 26, 1987, pursuant to Ohio R.Civ.P. 14, Williams in both her representative and individual capacity, filed a third-party Complaint against Metropolitan, the third-party Defendant. On December 2, 1987, Metropolitan removed this action pursuant to 28 U.S.C. § 1441(c). *See* Petition for Removal at ¶ 10. During the pendency of Metropolitan's unopposed motion for summary judgment, Williams filed a suggestion of death pursuant to Fed.R. Civ.P. 25(a). No substitution of parties has

---

1. The plan is Metropolitan's Group Policy No. 8052–G, issued to Corning Glass Works.

been brought within the ninety-day period.[2]

Before addressing the merits of this lawsuit, the Court must examine, albeit *sua sponte*, the statutory basis for removal jurisdiction. *See Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir.1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1281, 79 L.Ed.2d 684 (1984) (Celebreeze, J.) (A federal court is not a "general repository of judicial power" and must scrutinize its jurisdiction.); Fed.R.Civ.P. 12(h)(3). For purposes of removal jurisdiction, the Court looks only to the Complaint, as it reads, at the time of removal and not to subsequent events. *Lamson v. Firestone Tire & Rubber Co.*, 724 F.Supp. 511, 513 (N.D.Ohio 1989) (citing *Hood v. Security Bank of Huntington*, 562 F.Supp. 749, 750 (S.D.Ohio 1983)); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.163[4.—4] (2d ed. 1989). Because removal jurisdiction is absent under 28 U.S.C. § 1441(c), this case, pursuant to 28 U.S.C. § 1447(c), is REMANDED to the Court of Common Pleas, Cuyahoga County.

### A. Claims Presented

Under the well-pleaded Complaint rule, original jurisdiction must appear on the face of a Complaint well-pleaded. *Oklahoma Tax Commission v. Graham*, 489 U.S. ——, ——, 109 S.Ct. 1519, 1521, 103 L.Ed.2d 924, 928–29 (1989); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). A caselaw corollary to this rule exists when Congress completely preempts an area of law. In this situation, any civil complaint, even sounding in state law, is necessarily federal in character, arises under the laws of the United States, and is removable by the defendant. *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Pilot Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (ERISA

civil enforcement remedy displaces state law causes of action for improper processing of benefits). Because the third-party Complaint sounds in state law,[3] and the Williams never amended their third-party Complaint, it is necessary, for purposes of this Memorandum and Order only, to re-characterize the claims as to their jurisdictional nature in light of ERISA preemption. The claims presented are: 1) Sunny Acres state law collection action for services rendered; 2) John Williams' third party plaintiff claim, brought by his guardian Josephine Williams, in her representative capacity, against Metropolitan for the denial of benefits under ERISA [29 U.S.C. § 1132(a)(1)(B) ]; 3) Josephine Williams' claim in her individual capacity against Metropolitan for the denial of benefits under ERISA. Both Williams allege they are "beneficiaries" or "participants" under this ERISA plan. See Third–Party Complaint at ¶ 3.

### B. Third–Party Removal

The Supreme Court has stated that statutory provisions granting the right to remove are strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3721 at 215–217 (2d ed. 1985). Metropolitan invokes removal jurisdiction under 28 U.S.C. § 1441(c) because the third-party Complaint has "separate and independent claims or causes of action which would be removable if sued upon alone pursuant to 28 U.S.C. § 1441(a) or (b)." Pet. for Removal ¶ 10. Thus, in considering removal jurisdiction, the Complaint is state law (there being no diversity of citizenship), and the third-party Complaint presents a federal question under ERISA.

Resolution of this case calls for construction of 28 U.S.C. § 1441(c), which provides:

---

2. Perhaps this fact illustrates the saying, "death acquits us of all obligations." Montaigne, *Essays*, I. vii, in B. Evans, *Dictionary of Quotations* 149 (1968).

3. The Sunny Acres Complaint presents a state law collection action. The Williams' third-party Complaint alleges four claims sounding in breach of contract, indemnity, and tort against Metropolitan. In addition to damages, the Williams seek compensatory and exemplary damages from Metropolitan. Although Metropolitan raised ERISA preemption in its briefing, the Williams have inexplicably failed to amend the third-party Complaint.

Whenever **a separate and independent claim or cause of action**, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

In *American Fire & Casualty Insurance Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court construed § 1441(c) as providing a removal standard additional to § 1441(a) but adopted a strict view of the terms "separate and independent." The Court held that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. Other Circuits have refined the *Finn* test. *Union Planters National Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89, 90 n. 3 (6th Cir.1977) ("The word 'separate' means distinct; apart from; not united or associated. The word 'independent means not resting on something else for support; self-sustaining; not contingent or conditioned." (citing *Snow v. Powell*, 189 F.2d 172, 174 (10th Cir.1951)); *Moore v. United States*, 819 F.2d 101, 103 (5th Cir.1987) ("claim is not separate and independent if it is contingent on the other claim").

■ The legislative history of § 1441(c), enacted in 1948, indicates that Congress intended § 1441(c) to apply to both diversity and federal question cases[4] and intended to limit the right to remove cases.

*Finn, supra*, 341 U.S. at 9–10, 71 S.Ct. at 537–38, 95 L.Ed. 702; 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3724 at 357–359 (2d ed. 1985).

The Supreme Court and Congress have not resolved conflicting interpretations of the Circuits of § 1441(c) in third-party practice. Removal by a third-party Plaintiff raises two major issues: first, whether a third-party is a "defendant" under § 1441(c); second, whether the claims are separate and independent.

One view, championed by the Seventh Circuit, holds that under § 1441(c), third-party defendants are not "defendants" entitled to remove. *See Thomas v. Shelton*, 740 F.2d 478, 486 (7th Cir.1984) (Posner, J.) ("[I]n the broad run of third-party cases ... the third-party defendant cannot remove the case under section 1441(c)"); *Crawford v. Hospital of Albert Einstein College of Medicine*, 647 F.Supp. 843, 846 (S.D.N.Y.1986) (Pollack, J.); 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 3724 at 389; 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.167[10] (2d ed.1989). Several rationales have been advanced for this holding: 1) a third-party or cross claim defendant contemplated under 28 U.S.C. § 1441(a)—*see*, e.g., *Morris v. Marshall County Bd. of Education*, 560 F.Supp. 43, 45 (N.D.W.Va.1983); 2) § 1441(c) applies only to claims joined by the plaintiff—*see Elkhart Cooperative Equity Exchange v. Day*, 716 F.Supp. 1384, 1387 (D.Kan.1989); and 3) policies of strict construction of removal statutes, federalism, and judicial economy—*see Crawford, supra*, at 846.[5] *Cf. Thomas, supra*, at 491 (Swygert, J.,

---

**4.** The predecessor to 28 U.S.C. § 1441(c)—28 U.S.C. § 71 applied to only diversity actions. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3724 at 358–59 (2d ed. 1985).

**5.** In addition to construing removal statutes strictly, federal courts generally follow the rule that "any doubts in considering a removal petition should be resolved in favor of not granting jurisdiction." *Soper v. Kahn*, 568 F.Supp. 398, 405 n. 15 (D.Md.1983). Federalism raises the concern of overexpansion of removal jurisdiction. Removal of an entire suit on the basis of

a third-party claim would "bring into the federal court an action the main part of which is not within that court's original jurisdiction," thus enlarging "federal at the expense of state jurisdiction in rather a dramatic way." *Thomas v. Shelton*, 740 F.2d at 487. This type of removal raises additional concerns regarding judicial economy. If the court accepts jurisdiction over the entire case, § 1441(c) allows the court, in its discretion, to remand matters not within its original jurisdiction. Even if the claims meet the separate and independent test, there may be reasons to try the case in one forum.

concurring) (argument is "conceptually specious" and ignores the interest in protecting the third-party defendant's choice of forum). Under the opposite conclusion, followed by the Fifth Circuit, a third-party defendant may remove the entire controversy. *See Carl Heck Engineers v. La-Fourche Parish Police,* 622 F.2d 133, 136 (5th Cir.1980); *Marsh Investment Corp. v. Langford,* 652 F.2d 583 (5th Cir.1981) (*per curiam*), *cert. denied sub nom. Pontchartrain State Bank v. Marsh Investment Corp.,* 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982); *Soper v. Kahn,* 568 F.Supp. 398 (D.Md.1983).

Although the reasoning of the Seventh Circuit and the commentators denying third-party defendants appears more persuasive, this Court agrees with Judge Potter's well-reasoned opinion in *Wagner v. Burkhart,* 716 F.Supp. 304, 306 (N.D.Ohio 1989) that this issue need not be definitively resolved in light of the second issue—whether the claims meet the separate and independent test. In *University of Chicago Hosp. & Medical Center v. Rivers,* 701 F.Supp. 647 (N.D.Ill.1988), almost factually identical to the instant case, a hospital sued a patient to recover for services rendered. The patient sued the insurance company for denial of benefits under the ERISA plan. Judge Rovner held that

> the ERISA claim in this case is not separate and independent from the non-removable claims. All of the claims relate to the [hospital's] failure to receive compensation for the services it rendered to [its patient]. The [hospital] blames [the patient], who in turn blames ... the third-party defendants. Although the claims may be "separate" and involve different legal causes of action and different legal wrongs in a narrow sense, all of the claims are interrelated.

■ Following *Finn* and *Union Planters, supra,* the claims can not be "separate" and "independent" because they are "an interlocked series of transactions," not distinct or apart. Rather, the Williams' ERISA claims for denial of benefits, analogized to common law claim for indemnification, are contingent upon the Sunny Acres claim for services rendered. If Sunny Acres claim fails, there is little, if any need to address the claims against Metropolitan. Judge Rovner's reasoning, which is consistent with the "independent" claim test of the Sixth Circuit, is persuasive. It provides a basis for remand.

### C. Conclusion

Although the state courts have concurrent jurisdiction over ERISA claims brought under 29 U.S.C. § 1132(a)(1)(B)—*see* 29 U.S.C. § 1132(e), the result for the third-party case seems at odds with with the policies of having federal courts decide federal questions and of the judicial economy fostered by pendent jurisdiction. Congress should consider the recommendations of the *Federal Courts Study Committee: Tentative Recommendations for Public Comment* 72–73 (1989), noted in 58 U.S.L.W. 2443, 2445 (February 6, 1990) (advocating the repeal of 28 U.S.C. § 1441(c)).

Accordingly, since removal was improper, the case is REMANDED to the Court of Common Pleas, Cuyahoga County.

IT IS SO ORDERED.