Charles ANDREWS, et al., Plaintiffs,

v.

ELECTRIC MOTOR SYSTEMS, INC.,
Defendant/Third Party Plaintiff,

v.

NN INVESTORS LIFE INSURANCE
CO., Third Party Defendant.

No. C–1–91–246.

United States District Court,
S.D. Ohio, W.D.

July 10, 1991.

Michael Gay, Cincinnati, Ohio, for plaintiffs.

William Seitz, III, Cincinnati, Ohio, Mark Chilson, Dayton, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon Defendant/Third Party Plaintiff Electric Motor Systems, Inc.'s motion to remand and for costs and expenses, Third Party Defendant NN Investors Life Insurance Company's memorandum in opposition thereto, and the original defendant's reply memorandum. (Docs. 4, 6, 7).

*Procedural History/The Parties' Claims*

On April 15, 1991, Third Party Defendant NN Investors Life Insurance Company ("NN Investors") removed this action from the Court of Common Pleas of Hamilton County, Ohio, characterizing the third party complaint against NN Investors as a claim arising under the federal Employee Retirement Income Security Act of 1974 ("ERISA"), over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1).

On April 25, 1991, Defendant/Third Party Plaintiff Electric Motor Systems, Inc. ("EMS") filed its motion to remand this matter to the Hamilton County court, arguing that NN Investors improperly removed the proceedings to this Court. EMS offers two justifications for the requested remand: 1) that NN Investors, as a third party defendant, lacks the power to remove; and 2) that removal requires that all defendants consent, and EMS does not. EMS further requests that the Court assess fees and costs against NN Investors for the expenses EMS has incurred incident to the improper removal. (Doc. 4).

NN Investors contends that third party defendants may remove actions to the federal courts without the approval of other defendants, provided that the third party claim is separate and independent from the main claim. It argues that the ERISA claim asserted against NN Investors is separate and independent from the employment contract claim that plaintiffs are asserting against EMS, and would be removable if sued upon alone. NN Investors therefore claims that removal was proper. In the event that this Court should find otherwise, however, NN Investors further urges that the law is not sufficiently clear to justify sanctions. (Doc. 6).

EMS counters by suggesting that NN Investors waived the "separate and independent claim" justification for removal by failing to articulate that rationale as grounds for removal in its petition. In addition, EMS asserts that the courts permitting removal by a third party defendant represent the minority, and less desirable, view. Finally, EMS argues that the third party claim against NN Investors is neither an ERISA claim nor a claim otherwise "separate and independent" from plaintiffs' contract claim against EMS. Rather, EMS asserts, the third party claim merely seeks to assign responsibility to the appropriate entity for any damages owed to plaintiffs on their original claim. EMS

thus requests that the matter be remanded and that EMS be awarded fees and costs. (Doc. 7).

## OPINION

■ Defendants in state court civil actions over which the federal district courts have original jurisdiction may remove such actions to the appropriate federal district court. 28 U.S.C. § 1441(a). If the action involves joint claims against several parties without a separable controversy, all defendants ordinarily must join in the removal petition. *Chicago, R.I. & Pac. Ry. Co. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Hood v. Security Bank of Huntington,* 562 F.Supp. 749, 750 (S.D. Ohio 1983). However, where a separate and independent claim that would be removable if sued upon alone is joined with an otherwise non-removable claim, the defendants to that separate claim may remove the entire action, and the district court may exercise its discretion to remand all matters not within its original jurisdiction. 28 U.S.C. § 1441(c).

Before reaching the issue of whether the third party claim in this case constitutes a separate, independent and therefore removable controversy, however, this Court first must consider whether NN Investors, as a third party defendant, is deemed a "defendant" for purposes of the removal statute.

### A. *Removal By Third Party Defendants*

■ Most recognized commentators espouse the view that third party defendants are *not* empowered to remove actions from the state court where originally filed. *See, e.g.,* 1A Moore's Federal Practice ¶ 0.167[10] (2d ed. 1991) (hereinafter "Moore's") ("[L]ack of federal jurisdiction over the main claim is not supplied by the introduction of an ancillary third-party claim as to which federal jurisdiction would exist if asserted in an independent action."); 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3731 (2d ed. 1985) ("Nor can third-party defendants brought into the action by the original defendant exercise the right of removal."). Nevertheless, an emerging minority of

courts has interpreted 28 U.S.C. § 1441(c) to permit third party defendants to remove actions if the third party claims are separate and independent of the principal claim. *See, e.g., Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980).

Although NN Investors cites numerous cases in support of allowing third party removal (*see* Doc. 6, p. 2), the list of precedents is most noteworthy for its dearth of authority binding on this Court. We are not aware of any court in this Circuit which has held that a third party defendant may remove an action to the federal courts pursuant to 28 U.S.C. § 1441(c); indeed, at least one other federal district court in this state has found the contrary view to be "more persuasive." *Sunny Acres Skilled Nursing Home v. Williams,* 731 F.Supp. 1323, 1327 (N.D.Ohio 1990). This Court therefore must look to other sources for help in construing the removal statute.

Section 1441(c) was intended to restrict rather than expand the scope of removal from the state courts. *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 9–10, 71 S.Ct. 534, 537–38, 95 L.Ed. 702 (1951). The removal statute should be construed narrowly, with any doubt being resolved against removal and in favor of remand to the state courts. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Bergmann v. Pennsylvania, O. & D.R. Co.,* 38 F.2d 209 (6th Cir.1930).

These statutory construction guidelines suggest that 28 U.S.C. § 1441(c) should not be read to permit third party defendants to remove actions to the federal courts. Moreover, this Court agrees that permitting another party to defeat the plaintiffs' choice of forum based upon the fortuitous addition of a removable third party claim would be "too much akin to the tail wagging the dog." 1A Moore's ¶ 0.167[10]. This Court therefore finds that NN Investors, as a third party defendant, lacks the power to remove this action to the federal courts.

## B. *Separate and Independent Cause of Action*

■ Even those courts recognizing a third party defendant's right to remove actions have permitted such removal only where the third party claims are separate and independent of the main claim. *See, e.g., Carl Heck Engineers*, 622 F.2d at 135–36. Regardless of the theories on which the various claims rely, removal under 28 U.S.C. § 1441(c) is improper if all claims arise from "an interlocked series of transactions" and seek compensation for a single wrong. *American Fire & Casualty Co.*, 341 U.S. at 14, 71 S.Ct. at 540.

NN Investors has failed to demonstrate that the claim against it is sufficiently "separate and independent" from the claim against EMS to warrant removal. Under ERISA, employers do not have standing to maintain actions regarding payment of employee benefits. *Whitworth Bros. Storage Co. v. Central States, Southeast and Southwest Areas Pension Fund*, 794 F.2d 221 (6th Cir.), *cert. denied*, 479 U.S. 1007, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986). Indeed, EMS did not invoke ERISA in its third party complaint. *See* Doc. 1. Contrary to the assertion of NN Investors' removal petition, then, the third party claim against NN Investors is not an ERISA claim. Rather, EMS' claim against NN Investors is a contract claim seeking reimbursement for any monies due to plaintiffs on their original claim. *See* Third Party Complaint appended to Doc. 1.

A panel of the Sixth Circuit Court of Appeals rejected a similar "separate and independent claim" removal argument in *Kurz v. City of Grosse Point Woods*, 875 F.2d 865, unpub. slip op. at 9, 1989 WL 40138, 1989 U.S.App. LEXIS 4825 (6th Cir. 1989). In *Kurz*, the plaintiff sued several government and nongovernment defendants in state court for allegedly acting in concert to harass him through criminal prosecution. The government defendants removed the action to federal court, arguing that the plaintiff's claims against them under 42 U.S.C. § 1983 were separate and independent from the plaintiff's claims

against the two nongovernment defendants, who could not be held liable for civil rights violations. The Sixth Circuit, however, noted that the plaintiff's claims alleged that the various defendants' conduct produced a single harm. *Kurz*, unpub. slip op. at 8. "The particular facts and theories of each count do not, in themselves, convert each claim into a separate wrong." *Id.* Because the claims were not "separate and independent", the Court ordered the district court to vacate the removal order. *Id.* at 9.

Similarly, plaintiffs' complaint against EMS and EMS' complaint against NN Investors set forth different theories of liability for a single wrong—plaintiffs' failure to receive reimbursement for medical expenses that were to have been paid by medical insurance benefits. (Doc. 1). Despite the original complaint's reliance on the plaintiff's employment relationship with EMS and the third party complaint's reliance on EMS' contract with NN Investors to provide insurance coverage, both rely on related transactions (the duty to provide insurance coverage) and seek the same relief (compensation for plaintiffs' medical expenses). Accordingly, the third party claim against NN Investors is not a separate and independent claim subject to removal under 28 U.S.C. § 1441(c).

## C. *Sanctions*

■ The Federal Rules of Civil Procedure authorize courts to impose appropriate sanctions against any party who files an unwarranted or improper motion. Fed. R.Civ.P. 11. EMS requests an award of attorneys' fees against NN Investors, based upon NN Investors' removal of this matter without a firm foundation in existing law.

Although the Court finds that NN Investors improvidently removed this action from the state court, NN Investors' action does not warrant sanctions. Recent cases reveal a trend in other jurisdictions toward permitting parties in NN Investors' position to remove actions pursuant to 28 U.S.C. § 1441(c). NN Investors' petition represented a legitimate and reasonable attempt to extend that policy to this Court. Absent evidence that NN Investors re-

moved this matter in bad faith, this Court will not impose sanctions.

It therefore hereby is ORDERED that defendant/third party plaintiff's motion to remand and for costs and expenses is GRANTED insofar as it requests that this action be remanded to the Court of Common Pleas of Hamilton County, Ohio, and DENIED insofar as it seeks sanctions against the third party defendant. The Clerk of Court hereby is directed to notify the state court that this action has been remanded.

IT IS SO ORDERED.