**BROOKOVER FINANCIAL SERVICES, INC.**
Plaintiff,

v.

**Robert E. BECKLEY, Vaughn Conley Defendant/Third–Party Plaintiff,**

v.

**Texas County Feed Yards, Inc. and Brookover Feed Yards, Inc. Third–Party Defendants.**

Civil Action No. 1:99CV–53(R).

United States District Court, W.D. Kentucky, Bowling Green Division.

June 30, 1999.

Mike Reynolds, Reynolds, Johnston, Hinton, Thomas & Pepper, LLP, Bolwing Green, KY, for Brookover Financial Services.

Dixie R. Satterfield, Satterfield & Kafoglis, Bowling Green, KY, for Robert E. Beckley, Vaughn Conley.

Charles E. English, Jr., English, Lucas, Priest & Owsley, Bowling Green, KY, for Texas County Feed Yards, Inc., Brookover Feed Yards, Inc.

## MEMORANDUM OPINION & ORDER

RUSSELL, District Judge.

Before the Court are Defendants'/Third–Party Plaintiffs' motions to remand. For the following reasons, the motions are GRANTED, and this case is REMANDED to the Warren Circuit Court.

### FACTS AND CLAIMS

Plaintiff Brookover Financial Services, Inc. ("BFSI") filed two separate suits against Robert Beckley and Vaughn Conley in the Warren Circuit Court for failure to pay promissory notes. Mr. Beckley and Mr. Conley counterclaimed against BFSI for breach of contract and negligence.

After discovery of the corporate structures involved, Mr. Beckley and Mr. Conley filed third-party complaints against Texas County Feed Yards, Inc., and Brookover Feed Yards, Inc., identical to their counterclaims against BFSI.

The third-party defendants removed the suits to this Court, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Mr. Beckley and Mr. Conley are both Kentucky citizens for purposes of § 1332. None of the corporate parties are citizens of Kentucky for purposes of § 1332. These actions were consolidated on June 1, 1999.

The business arrangement between the parties revolved around the purchase and care of cattle. Mr. Beckley and Mr. Conley borrowed money from BFSI, through the use of promissory notes, to finance the purchase of cattle. Mr. Beckley and Mr. Conley would then contract with the Texas County Feed Yards, Inc. to feed and care for the cattle. The dispute giving rise to this suit arose when Mr. Beckley and Mr. Conley did not pay the remainder of the promissory notes following their final sale of the cattle.

According to counsel for the third-party defendants, in 1997 Texas County Feed Yards, Inc. contributed all of its assets subject to all liabilities to Texas County Feed Yards, LLC, which remains a going concern in the business of feeding cattle. Texas County Feed Yards, Inc. has since merged with Brookover Feed Yards, Inc. Since their status as third-party defendants is identical for purposes of the motion to remand, the Court will consider the interests of Texas County Feed Yards, Inc., and Brookover Feed Yards, Inc. ("Feed Yards"), together.

The precise financing arrangement for the feed and care of the cattle is unclear from the record, and there is a factual dispute as to whether the promissory notes underlying this suit are for the purchase or care and feeding of the cattle.

Plaintiff BFSI claims that the promissory notes forming the basis of the underlying suit deal only with the financing of the purchase of cattle. Mr. Beckley and Mr. Conley assert that BFSI financed both the purchase of cattle and the "feed agreements," and the original complaints assert

that Mr. Beckley and Mr. Conley breached "feeding agreements".

Mr. Beckley and Mr. Conley filed motions to remand, asserting that the Feed Yards could not remove this case as third-party defendants. Mr. Beckley and Mr. Conley assert that Plaintiff BFSI and third-party defendants the Feed Yards are alter corporate egos, and thus, the Feed Yards' alleged negligence and breach of contract arose from the same transaction or occurrence as Mr. Beckley's and Mr. Conley's failure to pay their promissory notes with BFSI. Mr. Beckley and Mr. Conley offer evidence that the corporations have identical officers. They assert that the corporations should not be allowed to "forum shop" by choosing state court when they were the plaintiffs, and then seeking to remove to federal court when they became the defendants.

The Feed Yards respond that the entities have separate corporate structures and shareholders, thus, it is a separate corporate entity that has the right to remove to federal court.

Since this case is remanded because it was improperly removed under 28 U.S.C. § 1441, the Court need not address the issue of the relationship between the corporate parties.

## I. REMOVAL BY THIRD-PARTY DEFENDANTS

### A. Removal in General

Federal Courts are split on whether third-party defendants may remove an action under any circumstances. The courts that have allowed a third-party defendant to remove are split as to whether such removal is proper under 28 U.S.C. § 1441(a) and (b) or whether such removal is only proper under § 1441(c). See *Wagner v. Burkhart*, 716 F.Supp. 304, 305–306 (N.D.Ohio 1989) (outlining the various positions taken by federal courts on removal by a third-party defendant).

Despite the split in the case law, commentators have uniformly stated that third-party defendants are incapable of removing under any circumstances. *Persoff v. Aran*, 792 F.Supp. 803, 804 (S.D.Fla. 1992) (citing Charles A. Wright, Arthur R. Miller & Edward H. Cooper, §§ 3724, 3731 (2d ed.1985); 1A Moore's Federal Practice, ¶ 0.167[10] (2d ed.1991)); See also, Removal of Action–Third Party, 8 A.L.R. Fed. 708. Most of the case law on this subject is from district courts because of the limited right of appeal of remand decisions as provided for in 28 U.S.C. § 1447. *Wagner*, 716 F.Supp. at 305. Two circuit court of appeals have addressed this issue. *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980) (allowing removal by third-party defendants); *Thomas v. Shelton*, 740 F.2d 478, 486 (7th Cir.1984) (not allowing removal by third-party defendants).

The Seventh Circuit has held that third party defendants are not "defendants" for purposes of those entitled to remove under § 1441(c). *Thomas v. Shelton*, 740 F.2d 478, 486 (7th Cir.1984). In *Thomas*, a minor was injured on land leased by his stepfather. The minor's biological father was in the military, and the United States paid the medical bills. The landowner was sued by the minor in state court and the United States in federal court. The landowner interpleaded the United States into the state court action, which was then removed by the United States and consolidated with the federal action originally filed by the United States.

After determining that the case could not be removed under 28 U.S.C. § 1441(a) because the district court did not have original jurisdiction over the underlying claim, the *Thomas* Court analyzed whether it could be removed under § 1441(c). While refusing "to adopt a universal and absolute rule," the *Thomas* Court held that "in the broad run of third-party cases, including this one, the third-party defendant cannot remove the case under § 1441(c)." *Thomas*, 740 F.2d at 487.

The seminal case for allowing removal by third party defendants is *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir.1980), in which the Fifth Circuit reasoned that "the language of the statute [28 U.S.C. § 1441(c)] does not require only those causes of action joined by the original plaintiff to form the basis of removal."

In *Carl Heck Engineers*, a contractor filed suit in state court against a Louisiana parish for liquidated damages where a road project had not been completed in the time provided by the engineer's contract. The parish then filed a third-party claim against its insurer, asserting that it should defend the parish and hold it harmless from the engineer's claim. The third-party insurer removed the case to federal court asserting diversity jurisdiction under 28 U.S.C. § 1331.

The *Carl Heck Engineers* Court relied on 28 U.S.C. § 1441(c) to hold that a third party defendant may remove where the counterclaim is "sufficiently independent [of the original claim] that a judgment in an action between those two parties alone can be properly rendered." *Id.* at 136. Every court that has allowed removal by third party defendants apply the *Carl Heck Engineers* Court's requirement that the counterclaim be sufficiently independent of the original claim.

The *Carl Heck Engineers* Court found that it was particularly clear that the claims were sufficiently independent "where, as here, the [district] court severed the third party action and remanded the main claim to state court so that removal does not defeat plaintiff's choice of forum." *Id.* at 136.

The Sixth Circuit has not addressed the issue of third-party defendant removal. District courts within the Sixth Circuit are split on the first issue of whether third-party defendant removal is ever proper, but no district court within the circuit has directly addressed the second issue as to under which subsection of § 1441 removal would be proper.

Several district courts within the Sixth Circuit that have addressed the issue found they need not determine whether third-party defendants may remove in any circumstances because the third-party complaints in those cases did not constitute a separate and independent claim, as articulated in *Carl Heck Engineers*. *Sunny Acres Skilled Nursing v. Williams*, 731 F.Supp. 1323, 1327 (N.D.Ohio 1990); *Wagner v. Burkhart*, 716 F.Supp. 304, 306 (N.D.Ohio 1989).

In *Andrews v. Electric Motor Systems*, 767 F.Supp. 853, 855 (S.D.Ohio 1991), the Southern District of Ohio remanded the entire case, holding that "third party defendants are not empowered to remove actions from the state court where originally filed." *Id.* at 855. In *Andrews*, an employee sued an employer in state court for medical expenses. The employer filed a third-party complaint against its insurer. The insurer removed the case to federal court.

The *Andrews* Court reasoned that "section 1441(c) was intended to restrict rather than expand the scope of removal from the state courts.... The removal statute should be construed narrowly, with any doubt being resolved against removal and in favor of remand to state courts." *Id.* at 855 (citations omitted). The *Andrews* Court determined that "[t]hese statutory construction guidelines suggest that 28 U.S.C. § 1441(c) should not be read to permit third party defendants to remove actions to the federal courts." *Id.*

In *Renaissance Center Venture v. Lozovoj*, 884 F.Supp. 1132, 1137 (E.D.Mich. 1995) *aff'd* 95 F.3d 1153 (6th Cir.1996)(table), the court allowed removal of the entire lawsuit where the third party complaint constituted a "separate and independent claim". The Sixth Circuit affirmed in an unpublished opinion that adopted the reasoning of the district court, and it is not clear what grounds were considered on appeal.

In *Renaissance Center Venture*, the Eastern District of Michigan relied on *Carl Heck Engineers* and three district court cases for its proposition that "many courts have approved of third-party defendant removal where the third party complaint states a 'separate and independent claim which if sued upon alone could have been brought properly in. federal court.'" *Renaissance Center Venture*, 884 F.Supp. At 1137. While the three district court cases recognized removal by third party defendants, only one of the cases actually accepted the removal, and it did so under a separate statute which allows removal by federal officials sued in state courts. *Oklahoma Bankers Ass'n v. Home Sav. & Loan Ass'n*, 625 F.Supp. 993 (W.D.Okla. 1984) (removal proper under 28 U.S.C. § 1442(a)(1)); *Soper v. Kahn*, 568 F.Supp. 398 (D.Md.1983) (remanding to state court because third party claim was not separate and independent for purposes of § 1441); *Southland Corp. v. Estridge*, 456 F.Supp. 1296 (C.D. Cal.1978) (remanding to state court where Plaintiff tried to remove after defendant filed a counterclaim).

The reasoning of *Carl Heck Engineers* and *Renaissance Center Venture*, that third-party defendants can remove cases where the third-party complaints constitute a separate and independent claim, is the more appropriate approach than never allowing such removal. In this case, the third-party complaint which alleges negligence does raise a separate and independent claim. However, the question remains under which subsection of 28 U.S.C. § 1441 is removal allowed.

### B. Third–Party Removal under § 1441(a)

Some federal courts have drawn a distinct line between third party removal of cases removed on the basis of 1441(c) and those removed on the basis of 1441(a) or (b). See *Wagner v. Burkhart*, 716 F.Supp. 304, 305–306 (N.D.Ohio 1989); *Hayduk v. United Parcel Service, Inc.*, 930 F.Supp. 584, 589–95 (S.D.Fla.1996).

Section 1441(a) is the "general" removal statute, providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." As discussed below, the federal courts are divided on the issue of whether third-party defendants are "defendants" for purposes of § 1441(a).

Section 1441(b) restricts cases removed on the basis of diversity jurisdiction from being removed if a Defendant is a citizen of the state in which the suit had been filed.

Section 1441(c) was amended in 1986 to state:

> Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331 of this title*, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

(Amended text in *italic* and strikeout).

*Carl Heck Engineers*, which relied on § 1441(c) to allow removal of a diversity case, was decided prior to the amendment to § 1441(c) which added the requirement that the claim be within the jurisdiction of 28 U.S.C. § 1331. The *Hayduk* Court also relied on § 1441(c) to allow removal of a federal question case, and held that third party defendants could not remove actions under sections 1441(a) because the only basis for such removal is the statutory language of 1441(c).

Since the case at hand involves diversity jurisdiction pursuant to 28 U.S.C. § 1332, this Court cannot rely on 1441(c). Therefore, the question becomes whether removal by third party defendants is allowed under § 1441(a).

In *Soper v. Kahn*, 568 F.Supp. 398, 401–05 (D.Md.1983), the court determined that third-party defendants could meet the definition of a "defendant" in 1441(a). However, the *Soper* court remanded the case to the state court because the third party complaint did not state a separate and independent claim.

In *Ford Motor Credit, Inc. v. Aaron–Lincoln Mercury, Inc.*, 563 F.Supp. 1108 (N.D.Ill.1983), a third party defendant removed the case under the pre–1986 version of 1441(c) that did not restrict the section to federal question jurisdiction. *Id.* at 1110. Despite the use of 1441(c), the court reasoned that a third party-defendant should be construed as a "defendant" within the meaning of 1441(a). *Id.* at 1112–1115.

It is unclear whether the Eastern District of Michigan relied on 1441(c) in *Renaissance Center Venture*. The case does not address the distinction between 1441(a), (b) and (c) nor state under what section the case was removed. However, the facts of the case appear to support removal under § 1441(c). This Court can find no published case where a court relied exclusively on § 1441(a) to allow removal by third-party defendants.

■ Therefore, there is no authority for removal by third-party defendant removal under § 1441(a) other than the dicta found in *Soper* and *Ford Motor Credit*. This Court will not allow removal without supporting authority. The Court finds that removal by third-party defendants is appropriate only under 28 U.S.C. § 1441(c) where the third-party complaint states a separate and independent claim, and that removal by third-party defendants is not authorized by § 1441(a).

The notice of removal in the case at hand refers to sections 1441(a) and (b), and it is clear that neither the original complaint nor the third party complaint meets the requirements of 1441(c) because jurisdiction is based on diversity, not federal question. Therefore, removal in this case

was not authorized by 28 U.S.C. § 1441, and it must be remanded to the Warren Circuit Court.

## II. CITIZEN OF KENTUCKY UNDER 28 U.S.C. § 1441(b)

In the alternative, this case must also be remanded because the Court lacks subject matter jurisdiction based on 28 U.S.C. § 1441(b). While neither party addresses the possible impact of 28 U.S.C. § 1441(b) on this case, the statute raises a jurisdictional question that the Court can raise sua sponte.

28 U.S.C. § 1441(b) states,

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States will be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.*

(Emphasis added).

The exception of § 1441(b) applies to the case at hand because there is no federal question involved. The original defendants are citizens of Kentucky, the state in which the original actions were brought, but the third-party defendants are not citizens of Kentucky. This Court can find no case law addressing whether § 1441(b) prevents third-party defendants, who are not "citizens of the state in which such action is brought," from removing cases in which the original defendant is a "citizen of the state in which such action was brought."

■ There is no question in this case that some of the parties in interest properly served as defendants are citizens of the state in which the action was brought. Based on the plain language of § 1441(b) that removal is only allowed "if none of the parties in interest properly joined and

served as defendants is a citizen of the state in which such action is brought," removal cannot be appropriate in this case.

**THEREFORE, IT IS ORDERED:**

Defendants' motions to remand (dkt. # 4 in 1:99cv53; dkt. # 4 in 1:99cv54) are **GRANTED,** and these cases are **RE-MANDED** to the Warren Circuit Court.